712 So.2d 628 (1998)
CLARENDON NATIONAL INSURANCE COMPANY
v.
Joseph WESTON.
No. 97 CA 1089.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
William F. Page, Jr., Lafayette, for Plaintiff-Appellee, Clarendon National Insurance Company.
Janice H. Barber, Lafayette, for Defendant-Appellant, Joseph Weston.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
Claimant in this workers' compensation matter was injured during the course of his employment, and was receiving compensation benefits. His employer's workers' compensation insurer subsequently sought to discontinue paying benefits on the grounds that claimant had committed fraud. Following a trial, the workers' compensation judge concluded that claimant had, as a result of false statements made by him, forfeited his right to benefits. The workers' compensation judge further recommended a civil penalty, and referred the matter to the Louisiana Department of Labor for further investigation. Claimant now appeals.

FACTS
In March of 1995, claimant, Joseph Weston, Sr. (hereinafter, "Weston"), was allegedly injured while in the course of his employment with the St. Mary Parish Government. Thereafter, Weston began receiving weekly workers' compensation checks from the parish's workers' compensation insurer, Clarendon National Insurance Company (hereinafter, "Clarendon"). Along with each weekly compensation check, Weston also received from Clarendon an Employee's Report of Earnings form upon which he was required to report any monies earned by him while receiving workers' compensation benefits. Initially, Weston failed to complete and return the earnings forms; however, after some months, Weston began to return the required forms. With the exception of several days in December of 1995 when Weston tried unsuccessfully to return to his former duties, Weston reported no outside earnings.
In February of 1996, Clarendon filed a LDOL form 1008 alleging that Weston had committed fraud, and that accordingly, his benefits should be terminated. The allegation by Clarendon was based upon a 1099 form issued to Weston by Townsend Brothers Farms, Inc. (hereinafter "Townsend Farms") which reflected unreported earnings of $33,522.14. It is undisputed that the income in question was generated through hauls made by a sugarcane truck, "Little Miss Helen", during the 1995 sugarcane grinding season.
The crux of the instant dispute centers around who owned the truck, and more importantly, who received the income or benefit of the monies derived from its operation. Weston claims that he sold the truck to his sister in November of 1993, and due to his injury, did not drive the truck in 1995. Consequently, *629 Weston argues that he did not, in 1995, "earn" any income from the operation of the truck. Conversely, Clarendon contends that while the truck may have been titled to Weston's sister, Weston remained the truck's de facto owner, and further, that Weston attempted to conceal the income he received from its operation.

ACTION OF THE TRIAL COURT
Following a trial on the merits, the workers' compensation judge ruled that Weston willfully made false statements and representations for the purpose of obtaining compensation benefits (or to continue to obtain compensation benefits), and was thus in violation of La. R.S. 23:1208. Accordingly, the workers' compensation judge ruled that Weston had forfeited his benefits, recommended that he be assessed $5,000.00 in civil penalties, and further that the record be forwarded to the Fraud Section within the Louisiana Department of Labor for investigation and disposition. From this judgment, Weston now appeals.

ASSIGNMENT OF ERROR
The sole assignment of error raised by Weston on appeal is that the workers' compensation judge erred in his determination that Weston willfully made false statements to obtain compensation benefits in violation of La. R.S. 23:1208.
Additionally, Weston, relying upon the recent case of Grant v. Natchitoches Manor Nursing Home, 96-1546, (La.App. 3rd Cir. 5/14/97); 696 So.2d 73, writ denied, 97-1582 (La.10/17/97); 701 So.2d 1330, filed a declinatory exception in this court raising the objection of lack of subject matter jurisdiction. Specifically, Weston urges that the ruling of the workers' compensation judge should be vacated on the grounds that the workers' compensation court lacked subject matter jurisdiction with regard to a claim for forfeiture of benefits as provided for in La. R.S. 23:1208.

DECLINATORY EXCEPTION
In Grant v. Natchitoches Manor Nursing Home, 96-1546, (La.App. 3rd Cir. 5/14/97); 696 So.2d 73, writ denied, 97-1582 (La.10/17/97), 701 So.2d 1330, the Third Circuit stated:
Effective November 7, 1990, La. Const. art. V, § 16 was amended to provide for original jurisdiction of all civil and criminal matters in district courts, except as otherwise authorized by the constitution or "except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters." Sampson v. Wendy's Management, Inc., 593 So.2d 336, 337 (La.1992). Consistent with this constitutional provision, the office of worker's compensation was granted original, exclusive jurisdiction over claims for any compensation or benefits, La. R.S. 23:1310.3. However, as the Supreme Court has observed such subject matter jurisdiction was not granted to adjudicate disputes or obligations imposed by the workers' compensation act that fall beyond "benefit and penalties directly associated with the employee's work-related injury and his receipt of workers' compensation benefits. See LSA-R.S. 23:1291 et seq." Sampson, 593 So.2d at 339.
Grant v. Natchitoches Manor Nursing Home, 96-1546, at pp. 5-6, 696 So.2d at 76.
The Third Circuit's decision in Grant involved facts similar to those presented in the case sub judice, i.e., an alleged false statement or representation made by a claimant who is seeking or receiving workers' compensation benefits. The court in Grant further cited the supreme court's opinion in Resweber v. Haroil Construction Company, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, which outlined the requirements for a forfeiture of benefits under La. R.S. 23:1208. As Grant observed, where a misrepresentation has occurred, La. R.S. 23:1208 has been applied as an absolute bar to the recovery of compensation benefits, "regardless of whether the misrepresentations pertain to the injury for which an injured employee seeks benefits." Grant v. Natchitoches Manor Nursing Home, 96-1546, at p. 6, 696 So.2d at 77. The Grant court further opined that
The claim [of misrepresentation] itself is not contingent upon whether a potential claimant [for compensation benefits] falls within the ambit of the workers' compensation act (is injured by an accident during the course and scope of his employment), or is based on the merits of the claim *630 before the hearing officer[[1]], is [sic] strictly concerned with any misrepresentation made by a claimant.
Thus, it appears that when an employee violates La. R.S. 23:1208, his actions are tortious in nature (the conduct may even be considered criminal in nature), rather than a workers compensation matter. At best, the conduct prohibited by La. R.S. 23:1208 presents a cause of action in tort for fraud or deceit. Grant v. Natchitoches Manor Nursing Home, 96-1546, at p. 7, 696 So.2d at 77.
The Third Circuit in Grant concluded that: [T]he penalties meted out by the hearing officer in accordance with La.R.S. 23:1208 against claimant clearly were not "directly associated with the employee's work-related injury," Sampson, 593 So.2d at 339. Instead, the nature of the cause of action embodied in La.R.S. 23:1208 is tortious/delictual in nature, falling beyond the jurisdictional authority of the hearing officer as authorized by La. Const. Art. V, § 10(A)(B), § 16(A), La.R.S. 23:1310.3. Clearly, the misconduct characterized by La.R.S. 23:1208 falls within a well recognized area of tort law (the tort of fraud/deceit), and thus we conclude that the hearing officer and the Office of Workers' Compensation lacked jurisdiction to impose sanctions under La.R.S. 23:1208.
Grant v. Natchitoches Manor Nursing Home, 96-1546, at p. 8, 696 So.2d at 77-8.
Upon review of this matter, we find that we must disagree with the views expressed by our brethren in the Third Circuit. It is the opinion of this court that, unlike the retaliatory discharge addressed by the supreme court in Sampson, the controversion of a claimant's entitlement to workers' compensation benefits based upon willful false statements or representations is integrally related to the judicious administration of workers' compensation claims. La. R.S. 23:1310.3.
Moreover, had an employer chosen to deny a claim for compensation benefits for the reason that the claimant had purportedly made false statements or representations, there would be no question but that disposition of the matter would fall within the jurisdiction of the Office of Workers' Compensation.
For the foregoing reasons, we find claimant's declinatory exception raising the objection of lack of subject matter jurisdiction to be without merit.

MERITS
We turn now to the question of whether the workers' compensation judge erred in his determination that Weston willfully made false statements for the purpose of obtaining compensation benefits in violation of La. R.S. 23:1208. After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the workers' compensation judge, and affirm at Weston's costs.
AFFIRMED.
NOTES
[1] In accordance with Acts 1997, No. 88, § 1, which became effective on June 11, 1997, all references to "hearing officer" or "administrative hearing officer" in the law under Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, as well as in all enactments of the 1997 Regular Session of the Legislature, and in all subsequent enactments were changed to "workers' compensation judge".