SHORTESS, Judge Pro Tern.
This is an appeal by James G. Williams (plaintiff), from a judgment of the Office of Workers’ Compensation Administration, dismissing his claim for benefits; finding that plaintiff had willfully made false statements in order to obtain benefits; ordering plaintiff to pay civil penalties in the amount of $500.00 and to pay all legal fees and court costs incurred by the employer, Sheridan Construction Company, Inc., in accordance with LSA-R.S. 23:1208; and referring the matter to the Fraud Division of the Office of Workers’ Compensation Administration for further action.
FACTS AND PROCEDURAL HISTORY
On June 17, 1996, while employed by Sheridan Construction Company, Inc. (Sheridan) as a general laborer, plaintiff allegedly sustained a work-related accident in the course and scope of his employment. Plaintiff contends that as he stooped down and attempted to lift a large structural beam, measuring approximately twelve by twelve inches square and fourteen feet long, he felt a sharp pain from the back of his neck, down the length of his back and *11 into his legs and groin area. According to plaintiff, he fell to his knees where he remained for a few seconds and then got to his feet and walked around. Shortly thereafter, he began helping other employees who were attempting to dig a forklift out of the mud. He began shoveling mud from behind the forklift, but when he tried to stand up, he experienced increased pain in his back. At that point, plaintiff reported his alleged injury to Donnie Sheridan, the foreman on the job that day.
That evening, plaintiff reported to the emergency room of Bogalusa Community Medical Center, where he was given pain medication and sent home. According to plaintiff, when he awoke the next morning, his pain was worse but he reported to the jobsite and spoke with the superintendent, | aVictor Boyles. Plaintiff told Boyles that he needed further medical treatment and that he was going to see another doctor. Plaintiff did not return to work following that day, and Sheridan began paying plaintiff weekly indemnity benefits.
Following trial where liability and disability were strenuously contested, the workers’ compensation judge found that plaintiff had failed to prove that an accident had occurred. In view of this finding with which we affirm for reasons hereinafter set forth, we pretermit any discussion of disability benefits.
From this judgment, plaintiff appeals, contending that the workers’ compensation judge erred in: (1) finding that he made false statements to obtain workers’ compensation benefits; (2) finding a violation of LSA-R.S. 23:1208 when he did not recall being treated for previous injuries; (3) relying on the independent medical examiner’s report and in mischaracterizing his physician’s findings; and (4) imposing civil penalties and payment of Sheridan’s legal fees and court costs.
WILLFUL MISREPRESENTATIONS BY PLAINTIFF
(Assignments of Error Nos. 1, 2 & 4)
Plaintiff contends that the workers’ compensation judge erred in finding that he had violated LSA-R.S. 23:1208. Louisiana Revised Statute 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered Uto make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.[2]
*12 This statute applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits and encompasses any false statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. It contains no requirement that an employee be put on notice of the consequences of making such false statements or misrepresentations. Resweber v. Haroil Construction Company, 94-2708, 94-3138, pp. 1-2, 7 (La.9/5/95), 660 So.2d 7, 9, 12.
The only requirements for forfeiture of benefits under section 1208 are that: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber, 94-2708, 94-3138 at p. 7, 660 So.2d at 12. The issue of whether an employee forfeited his workers’ compensation benefits is one of fact, which is not to be reversed on appeal absent manifest error. Short v. Gaylord Chemical Corporation, 98-0606, p. 10 (La.App. 1st Cir.4/1/99), 731 So.2d 493, 499.
In finding that plaintiff had forfeited his right to benefits pursuant to LSA-R.S. 23:1208, the workers’ compensation judge found that plaintiff had been untruthful in two respects. First, the workers’ compensation judge concluded that plaintiff was untruthful when he denied that he had any interest in Bogalusa Auto Sounds, an incorporated business for which he was listed as president and sole shareholder. Additionally, the workers’ compensation judge found that plaintiff had denied previous back injuries when he had in fact reported to the hospital on more than one occasion for lower back pain. The workers’ compensation judge concluded that because plaintiff “failed to state the truth concerning his past physical conditions and his health,” he forfeited his right to benefits and was hable for penalties and for payment of Sheridan’s attorney’s fees as restitution.
On appeal, plaintiff asserts that the workers’ compensation judge manifestly erred in concluding that he had willfully denied previous back injuries, when plaintiff had simply forgotten about a 1981 automobile accident in which his injuries were minor. Moreover, plaintiff contends that he did not deny that he had any interest in Bogalusa Auto Sounds, as concluded by the workers’ compensation judge, but, rather, that he had denied receiving any income from the business. Thus, plaintiff avers, there is no evidence of any willful misrepresentation and, accordingly, no violation of LSA-R.S. 23:1208.
The party who requests that benefits be forfeited must show that the *13 claimant’s statements were not only false, but must also show that the ^statements were willful and deliberately made with the intent to obtain benefits. Rapp v. City of New Orleans, 98-1714—98-1730, p. 11 (La.App. 4th Cir.12/29/99), 750 So.2d 1130, 1139, writ denied, 2000-0353 (La.4/7/00), 759 So.2d 761. The word “willful” has been defined as “proceeding from a conscious motion of the will; voluntary; knowingly; deliberate; intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary.” Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 7 (La. App. 1st Cir.1/6/99), 733 So.2d 11, 18 (citing Grant v. Natchitoches Manor Nursing Home, 96-1546, p. 4 (La.App. 3rd Cir.5/14/97), 696 So.2d 73, 76, writ denied, 97-1582 (La.10/17/97), 701 So.2d 1330). This burden requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant. Rapp, 98-1714—98-1730 at p. 11, 750 So.2d at 1139; Grant, 96-1546 at p. 4, 696 So.2d at 76.
Moreover, in addition to proving that the alleged misrepresentations were willful and deliberately done with the intent to obtain benefits, the party requesting that benefits be forfeited must establish that the alleged false statements relate to a significant part of the claimant’s request for workers’ compensation benefits. Rapp, 98-1714—98-1730 at p. 11, 750 So.2d at 1139.
When questioned at trial about prior back injuries, plaintiff acknowledged that he had been involved in an automobile accident in 1975, in which he had pulled or strained a muscle. However, when asked if he had hurt his back on any other occasion, plaintiff stated that he did not Remember. When further questioned as to whether there could have been other injuries that he just did not remember, plaintiff responded, “No. I doubt it very seriously.” The following exchange then occurred:
|7Q. Do you remember in July — on July 11th of 1981 being involved in a motor vehicle accident? 1981? I mean, that’s not — the ’75 one was when you were working at Avondale, correct?
A. Right.
Q. In 1981, do you remember an automobile accident?
A. No.
Q. No?
A. Wait. Oh, in ’81. Yes, I was in a[sic] accident with my father-in-law.
Q. Okay. Did you hurt your back in that accident?
A. I don’t remember what was hurt. I was just shook up. The car ran into the side of us. I don’t know what was hurt; but I went — I went to the doctor that time, yes.
Q. Do you remember where you went?
A. To — I don’t know if I went to Boga-lusa Community Medical Center or if I went to Charity Hospital. But an ambulance came and took me and my father-in-law to the hospital because he was seriously hut.
Q. Could it have been at Washington-St. Tammany Parish—
A. It may have been.
Q. —Regional Medical Center?
A. It was it [sic] Bogalusa.
Q. So now you remember that accident?
A. Yes, I remember. I forgot all about it.
Plaintiffs medical records indicate that he reported to the emergency room of Washington-St. Tammany Regional Medical Center on July 11, 1981, complaining of head, neck and chest pain following an automobile accident. The following day, *14 he returned, complaining of right chest pain. The clinical impression was listed as injury to the chest. There is no mention in the medical records from this particular incident that plaintiff | scomplained of or was diagnosed with a low back injury. Thus, plaintiffs inadvertent failure to mention this prior accident when being questioned about prior back injuries in no way relates to a “significant part of the [plaintiffs] request for worker’s compensation benefits,” as required to establish a violation of LSA-R.S. 23:1208. See Rapp, 98-1714-98-1730 at p. 11, 750 So.2d at 1139.
Sheridan further contended that plaintiff willfully misrepresented his prior back condition because he also failed to disclose other prior doctor visits where he made complaints of back pain. Plaintiffs medical records do demonstrate that on three occasions in the twelve-year period prior to the alleged accident in question, plaintiff reported to the emergency room complaining of back pain.[3] Specifically, on June 27, 1984, plaintiff reported to the emergency room, complaining of back pain for four days. The clinical impression was listed as “low back syndrome.” Thereafter, on February 22, 1986, plaintiff again complained of low back pain, commencing when he opened a window. The clinical impression was listed as “low back pain,” and he was given Tylenol No. 3 for pain. Finally, on January 3, 1990, plaintiff reported to the emergency room, complaining of pain in the lower back, which he related to lifting packages of tile that day. The clinical impression was “low back strain,” and he was again given Tylenol No. 3 for pain.
When confronted with this evidence at trial, plaintiff testified that, with regard to the incident where he experienced back pain from lifting packages of tile, he went to the hospital to get something for the pain. His Rback pain cleared up within a few days, and, in fact, he returned to work the next day. Plaintiff further stated that he did not have any residual back problems from these prior incidents and that he had simply forgotten about them over the course of the years.
We note that there is no evidence that plaintiff, who has always performed heavy manual labor and had worked for Sheridan temporarily on different occasions for eight to ten years, ever received follow-up treatment or diagnostic studies for any of these occasional minor complaints of back pain.
In his reasons for judgment, the workers’ compensation judge found that plaintiff was not credible because he omitted information about prior back complaints. This finding of credibility is within the discretion of the court and will normally not be reversed absent manifest error. Nevertheless, this court is of the opinion that plaintiffs inadvertent omissions about these minor prior back complaints, which occurred on three occasions in twelve years of heavy labor, do not rise to the type of “willful, false representation” contemplated by LSA-R.S. 23:1208. See Ball v. Wilco Marsh Buggies, Inc., 97-72, p. 8 (La.App. 5th Cir.5/28/97), 695 So.2d 1075, 1078.
With regard to the alleged misrepresentations about his interest in Bogalusa Auto Sounds, Inc., we note that the workers’ compensation judge specifically found that plaintiff “denied that he had any interest” in the business and then noted that another witness had testified that plaintiff had *15 informed her that he was president of the business. The workers’ compensation judge then concluded that plaintiffs veracity was “highly questionable.”
However, contrary to the factual finding of the workers’ compensation judge, plaintiff readily admitted that he was president and sole shareholder |inof Bogalusa Auto Sounds, Inc., a business that installed car alarms and stereos. Plaintiff further acknowledged at trial that he formed a corporation named Bogalusa Auto Sounds, Inc. in November of 1998, after his workers’ compensation benefits had been terminated.
However, plaintiff contended that while he owned the corporation “on paper,” the business really belonged to his son. He explained that his wife loaned their son approximately $8,000.00, which she had received from a settlement to start up the business. According to plaintiff, because his son had a criminal record, he could not open the business in his name. Thus, to aid his son, plaintiff was listed as president and shareholder, and he also opened a checking account for the business.
Moreover, plaintiff admitted that he assisted his son in a small way in the operations of the business in the first two to three months that his son attempted to get the business started. He explained there were mornings he opened the shop when his son was going to be late. However, he denied ever performing any actual work for the business. Furthermore, he denied receiving any monetary gain from the business.
The business, which was initially incorporated in November of 1998, closed in July or August of 1999, and according to plaintiff, his son did not repay the loan to plaintiffs wife.
Sheridan attempted to discredit plaintiffs testimony with financial records from the business. Specifically, Sheridan established that in the early months of operation, some customers wrote checks directly to plaintiff for services rendered by the business. Plaintiff acknowledged that this had in fact occurred on four or five occasions, but explained that when he initially opened the bank account for the business, his son’s name had not been included. Thus, plaintiff testified that prior to his son’s name being In added to the account, some customers wrote checks to him so that he could deposit them into the business account.
The record does establish that plaintiff cashed one check in the amount of $250.00 from the business account. However, plaintiff contended that he gave this cash to his son. Further, Sheridan did prove that plaintiff deposited one check from the business in the amount of $30.00 into the personal account of plaintiff and his wife, and plaintiff could not explain why the money was deposited into their account.
Nonetheless, we conclude that while the workers’ compensation judge may have chosen not to credit plaintiffs account of the arrangement he had with his son concerning the business, the record lacks sufficient positive proof to establish that plaintiff willfully misrepresented the true nature of his financial interest in the business. We find that on the evidence presented, Sheridan simply failed to carry its burden of proving that plaintiff willfully misrepresented his financial interest in this business or that any such alleged misrepresentation was made for the purpose of obtaining benefits.
Considering the foregoing, we find that the workers’ compensation judge committed manifest error in his conclusion that either plaintiffs omissions about prior minor back complaints or his explanations of his interest or involvement in Bogalusa Auto Sounds, Inc. amounted to willful mis *16 representations for the purpose of obtaining benefits, as contemplated by LSA-R.S. 23:1208. Accordingly, we reverse that portion of the judgment, finding that plaintiff had violated LSA-R.S. 23:1208, thereby forfeiting his right to workers’ compensation benefits, and ordering him to pay civil penalties and attorney’s fees incurred by Sheridan in defense of this claim.
I ^OCCURRENCE OF A WORK-RELATED ACCIDENT AND RESULTING DISABILITY
(Assignment of Error No. 3)[4]
Having concluded that the workers’ compensation judge erred in finding that plaintiff had forfeited his right to benefits by making willful misrepresentations in violation of LSA-R.S. 23:1208, we now address plaintiffs contention that the workers’ compensation judge erred in finding that plaintiff had failed to prove a work-related accident and also erred in finding that plaintiff had failed to prove the necessity of surgery.
Louisiana Revised Statute 23:1021(1) defines an accident as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” In order to recover workers’ compensation benefits, an employee must show that he received a personal injury by accident arising out of and in the course and scope of his employment and that said injury necessitated medical treatment or rendered the employee disabled, or both. Parfait, 97-2104 at pp. 4-5, 733 So.2d at 17.
The employee has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). The employee’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the employee’s version of the incident, and (2) the employee’s testimony is corroborated by the circumstances following the alleged incident. Bruno, 593 So.2d at 361.
In determining whether the employee has discharged his burden of proof, the workers’ compensation judge should accept as true a witness’ uncontra-dicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of the testimony. The workers’ compensation judge’s determinations as to whether the employee’s testimony is credible and whether the employee has discharged his burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Bruno, 593 So.2d at 361.
Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *17 Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
Plaintiff testified that on the day of the alleged accident, he stooped down with a beam between his legs to lift the beam onto a ledge that was approximately one foot high. He explained that he thought that when he raised the beam, Ricky Killingsworth, the young man with whom he was working, would push the beam onto a roller. However, according to plaintiff, when he picked up the beam, Killingsworth did not push it. At that point, plaintiff experienced immediate pain and fell to his knees on the 114beam. Plaintiff testified that after he fell to his knees, he turned to Killingsworth and stated, “Man, I done hurt my back.” Plaintiff further testified that although he attempted to continue working that day, he experienced more intense pain as he attempted to shovel mud. At that point, he reported the incident to the foreman on the job.
However, the testimony of Killingsworth contradicted that of plaintiff. Killings-worth stated that he did not recall plaintiff ever having an accident or indicating to him that he had hurt himself. He further testified that he had never seen plaintiff lift one of these structural beams manually and that one man could not physically lift one of the beams. Moreover, Killings-worth stated that the crew used a Bobcat to lift these structural beams and to place them on a dolly for moving. Killingsworth further stated that he had never seen a member of the construction crew attempt to manually lift one of these beams.
Moreover, Walter Sheridan, the owner of Sheridan Construction, similarly testified that it was physically impossible for one man to lift one of these structural beams unaided. He further stated that, although he was not present on the job site the entire day, to his knowledge, there were no beams involved in the job that particular day.
Considering the foregoing and after a careful review of the record, we conclude that the workers’ compensation judge was presented with two permissible views of the evidence concerning whether a work-related accident occurred. Accordingly, under the appropriate standards of appellate review, we must conclude that the workers’ compensation judge’s finding that plaintiff failed to prove by a preponderance of the evidence that an accident had occurred was not manifestly erroneous.
| ^Because we find no manifest error in the workers’ compensation judge’s finding that plaintiff failed to establish by a preponderance of the evidence that a work-related accident had occurred, we preter-mit discussion of his contention that the workers’ compensation judge erred in relying on the opinion of the state-appointed independent medical examiner in finding that plaintiff had failed to prove the necessity of surgery.
CONCLUSION
For the above and foregoing reasons, that portion of the April 26, 2000 workers’ compensation judgment that dismisses plaintiffs claims with prejudice is affirmed. The portions of the judgment finding a violation of LSA-R.S. 23:1208 ordering plaintiff to pay civil penalties, legal fees and court costs and referring the matter to the Fraud Division of the OWC for further action is reversed. Costs of this appeal are assessed equally between James G. Williams and Sheridan Construction Company, Inc.
*18 AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. We note that LSA-R.S. 23:1208 was amended in 1997, after the alleged accident herein, to provide that the workers’ compensation judge, rather than the director of the Office of Workers’ Compensation Administration, is authorized to assess a civil penalty and to further authorize the workers’ compensation judge to order restitution. In Our Lady of the Lake Regional Medical Center v. Helms, 98-1931, pp. 4-7 (La.App. 1st Cir.9/24/99), 754 So.2d 1049, 1052-1053, writ denied, 99-3057 (La.1/7/00), 752 So.2d 863, this court deter *12 mined that Acts 1997, No. 1108, allowing the workers' compensation judge to order restitution, did not change the law in that the employer always had the right to bring an action in district court to obtain restitution of workers' compensation benefits made to an employee who had committed fraud under LSA-R.S. 23:108. Thus, the amendment merely determined that the workers' compensation court had jurisdiction to award restitution.
Noting that laws which determine jurisdiction and procedure are applicable from the date of their promulgation to all lawsuits, even to those which bear upon facts and acts of a prior date and to pending lawsuits, this court concluded that the amended version of LSA-R.S. 23:1208 was applicable to an alleged accident that occurred prior to the effective date of the amendment. Helms, 98-1931 at p. 7, 754 So.2d at 1053. Applying the rationale of Helms to the present case, the 1997 amendment to LSA-R.S. 23:1208 would likewise apply herein.

. Sheridan also contends that plaintiff willfully misrepresented his back condition by failing to disclose that he had reported to the emergency room on July 22, 1990, complaining of dizziness, headache and pain in the left leg. However, the clinical impression was vertigo, and on that occasion, there was no diagnosis of a low back condition.

. Although, as worded, assignment of error number three primarily addresses the workers’ compensation judge’s finding that plaintiff had failed to prove that the accident caused a work-related injury, plaintiff also raised as an issue for review the finding by the workers’ compensation judge that the testimony of a co-worker, who testified that he did not see an accident occur, was more credible than plaintiff’s testimony. Thus, plaintiff has adequately raised the issue of whether the workers’ compensation judge was manifestly erroneous in concluding that he had failed to prove that a work-related accident had occurred.