|!SAUNDERS, J.
dissenting.
Because I find that the Defendant did not violate La.R.S. 23:1208, I cannot agree with the majority’s findings in this case.
The Defendant was an employee of Corey Freeman, who contracted with the Plaintiff to construct homes. On June 26, 1999, Defendant injured his neck and shoulder during the course and scope of his employment. As a result, Defendant went to the Iberia Medical Center emergency room where he was treated and released. The Defendant continued to experience pain and sought additional treatment. Plaintiff was treated and examined by physicians of his choice, physicians chosen by his employer, and a state appointed physician, of whom all concluded that the Defendant was suffering form back and neck pain with two of the three noting that surgery may be necessary. The Defendant has undergone the recommended non-surgical treatment to no avail. He is now ready to undergo surgery to correct his herniated discs caused by his work-related injury.
On October 25, 2000, (more than one year after the accident) the Plaintiff filed a Disputed Claim for Compensation seeking forfeiture of benefits and restitution pursuant to La.R.S. 23:1208 on the grounds that Defendant willfully made a false statement or representation in order to receive worker’s compensation benefits. 1 ¡^Specifically, the Plaintiff contends that the Defendant’s failure to disclose prior accidents and the injuries resulting from these accidents was a violation of La.R.S. 23:1208. Both the trial court and the majority find that this failure to disclose was willful, and the De *813 fendant must forfeit all his workers compensation benefits. I disagree.
Due to the Defendant’s lack of sophistication and the nature of his injuries, I cannot say that his failure to disclose was willful. The record indicates that all of the Defendant’s prior injuries were minor in comparison to his current injury. In each instance he was treated by a physician, but these treatments were minimal in nature and short lived. Additionally, the record shows that the Defendant has a very limited education. Because of the Defendant’s lack of sophistication and the relative minor nature of his prior injuries, I cannot say that his explanation that he thought he was only being asked about any serious injuries is not valid. Indeed, it seems very reasonable.
In Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir.1997); 696 So.2d 73, writ denied 701 So.2d 1330; citing Blacks Law Dictionary 1599 (6th ed.1990), we defined “willful” as “proceeding from a conscious motion of will; voluntary; knowingly; deliberate; intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary.” Moreover, in Smith v. Quarles Drilling Co., 99-171 (La.App. 3 Cir. 6/2/99); 741 So.2d 829; writ denied 751 So.2d 22, we stated that the beneficent purpose of workers’ compensation law requires that its provisions be liberally interpreted in favor of the employee.
Considering the cited jurisprudence and the fact that the Defendant’s omissions can just as easily be explained as thoughtless and/or inadvertent as willful misrepresentations, I cannot find that these omissions meet the strict criteria of La.R.S. _23:1208. See also Gardner v. Nabors Offshore Corp., 01-0773 (La.App. 3 Cir. 2001); 800 So.2d 412 which further expresses my views on La.R.S. 23:1208.
Accordingly, I must conclude that the Defendant did not violate La.R.S. 23:1208. Therefore, I vote to reverse the trial judge’s ruling. Since I find that the Defendant did not violate La.R.S. 23:1208, I would also reverse the restitution of benefits awarded to the Plaintiff.