J^PETTIGREW, J.
This is an action by petitioner to have a state statute declared unconstitutional. Following a decision by the district court upholding the constitutionality of a state statute, petitioner has appealed. We affirm.
BACKGROUND FACTS
Petitioner in this matter, Farm Fresh Food Supplier, Inc. (“Farm Fresh”), is the former employer of Jonathan Davis. Mr. Davis sustained a job-related injury during the course of his employment with Farm Fresh. Farm Fresh denied the accident and responsibility for the claim. Mr. Davis filed a claim against Farm Fresh[1] and this matter was eventually tried before a workers’ compensation judge. A *889 decision was later rendered in favor of Mr. Davis awarding compensation benefits, medical benefits, penalties, and attorney fees.[2] An additional civil penalty of $5,000.00 was assessed against Farm Fresh pursuant to La. R.S. 23:1208(D), based upon the court’s finding that Lionel Dufour, the operator and sole stockholder of Farm Fresh, had made intentional and willful misrepresentations in his court testimony in an attempt to defeat Mr. Davis’s claim, in violation of La. R.S. 23:1208(A).
Farm Fresh appealed this matter to this court, which vacated the judgment based upon technical grounds unrelated to the merits of the case and remanded the matter to the workers’ compensation court.[3] Following a status conference, a new judgment was signed comporting with the technical requirements previously noted by this court. This second judgment was identical to the earlier judgment with respect to the merits of the case and the imposition of penalties pursuant to La. R.S. 23:1208.
|sAt this point, Farm Fresh filed a timely motion for new trial and alleged that La. R.S. 23:1208 was unconstitutional, and that the assessment of the $5,000.00 civil penalty was contrary to both the law and the evidence. On April 25, 2003, the workers’ compensation court denied Farm Fresh’s motion for new trial without addressing the constitutional issues. Farm Fresh took an appeal from this judgment to this court, which affirmed the decision of the workers’ compensation court. See, Davis v. Farm, Fresh Food Supplier, 2003-1381 (La.App. 1 Cir. 5/14/04), 879 So.2d 215.
Farm Fresh also instituted the instant action in civil district court for the Nineteenth Judicial District, East Baton Rouge Parish, Louisiana, and alleged that because La. R.S. 23:1208 subjected Farm Fresh to a judicial determination of criminality and the assessment of criminal penalties, such penalties should be set aside and La. R.S. 23:1208 should be declared unconstitutional.
ACTION OF THE TRIAL COURT
Following a hearing on September 23, 2003, the district court, through oral reasons assigned, determined that Farm Fresh was not subject to criminal penalties pursuant to La. R.S. 23:1208(C) as alleged, but rather to the civil penalties provided for in La. R.S. 23:1208(D). The district court further ruled that Louisiana Revised Statute 23:1208 was not unconstitutional. A judgment to this effect was signed on October 7, 2003.
From this judgment, Farm Fresh has taken a devolutive appeal.
ISSUE
The sole issue presented by Farm Fresh for consideration by this court is whether Louisiana Revised Statute 23:1208 is unconstitutional in that it improperly authorizes a workers’ compensation judge to exercise criminal jurisdiction in a workers’ compensation proceeding.
DISCUSSION
Statutes are presumed to be constitutional. Moore v. RLCC Technologies, Inc., 95-2621, pp. 7 (La.2/28/96), 668 So.2d 1135, 1140. The burden of proving that an act is unconstitutional is upon the party attacking the act. Moore v. Roemer, 567 *890 So.2d 75, 78 (La.1990). This is a heavy burden. State v. Weaver, 2001-0467, p. 5 (La.1/15/02), 805 So.2d 166, 170. It is not enough for a person challenging a statute to show that its constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact a statute. Louisiana Public Facilities Authority v. Foster, 2001-0009, p. 14 (La.9/18/01), 795 So.2d 288, 298. To successfully challenge a legislative act as unconstitutional, the challenger must establish that no circumstances exist under which the act would be valid. AFSCME, Council # 17 v. State, Through Department of Health & Hospitals, 2001-0422, p. 8 (La.6/29/01), 789 So.2d 1263, 1269.
The issue posed by Farm Fresh in this matter questions the constitutionality of La. R.S. 23:1208 on the grounds that it improperly authorizes a workers’ compensation judge to exercise criminal jurisdiction in a workers’ compensation proceeding. Louisiana Revised Statute 23:1208 provides, in pertinent part, as follows:
§ 1208. Misrepresentations concerning benefit payments; penalty
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
[[Image here]]
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be | ¡^ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
Although Farm Fresh confines the issue to the exercise of criminal jurisdiction in a workers’ compensation proceeding, it nevertheless argues in its brief that La. R.S. 23:1208 is unconstitutional in a civil sense as well and claims:
[Wjhen an employer is found to have violated LSA-R.S. 23:1208, the employer’s actions probably constitute a tort. Fraud and/or deceitful conduct gives rise to an action pursuant to Louisiana Civil Code, article 2315. Decisions and rulings determining tortious behavior are the domain of the judicial branch of government, and not the executive branch.
*891 The argument advanced by Farm Fresh was previously considered by this court in Clarendon National Insurance Company v. Weston, 97-1089 (La.App. 1 Cir. 5/15/98), 712 So.2d 628. In Clarendon Insurance, this court expressly disagreed with the views espoused by the Third Circuit in Grant v. Natchitoches Manor Nursing Home, 96-1546, (La.App. 3 Cir. 5/14/97), 696 So.2d 73, writ denied, 97-1582 (La.10/17/97), 701 So.2d 1330, and held:
Upon review of this matter, we find that we must disagree with the views expressed by our brethren in the Third Circuit. It is the opinion of this court that, unlike the retaliatory discharge addressed by the supreme court in Sampson [v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992) ], the controversion of a claimant’s entitlement to workers’ compensation benefits based upon willful false statements or representations is integrally related to the judicious administration of workers’ compensation claims.
Moreover, had an employer chosen to deny a claim for compensation benefits for the reason that the claimant had purportedly made false statements or representations, there would be no question but that disposition of the matter would fall within the jurisdiction of the Office of Workers’ Compensation.
For the foregoing reasons, we find claimant’s declinatory exception raising the objection of lack of subject matter jurisdiction to be without merit.
Clarendon Insurance, 97-1089 at 5, 712 So.2d at 630.
Following the rationale of Clarendon Insurance, we conclude that the workers’ compensation court’s assessment of civil penalties provided for in La. R.S. 23:1208(D) against Farm Fresh pursuant to La. R.S. 23:1208(A) is similarly integrally related to the judicious administration of workers’ compensation claims.
|fiWe turn now to the precise issue raised by Farm Fresh in this appeal, i.e., whether La. R.S. 23:1208 is unconstitutional on the grounds that it improperly authorizes a workers’ compensation judge to exercise criminal jurisdiction in a workers’ compensation proceeding. We are also mindful, and the district court found, that Farm Fresh was subject only to civil penalties pursuant to La. R.S. 23:1208(D) and not to criminal penalties pursuant to La. R.S. 23:1208(C). Nevertheless, there is no question but that La. R.S. 23:1208(C), as enacted by the legislature, sets forth the elements of an offense and provides the punishment for its commission. The language of the statute does not presume to confer jurisdiction on a workers’ compensation court as the proper forum for the prosecution of a criminal offense, as same must be conducted within the ambit of the criminal justice system.
Accordingly, we find the sole issue presented in this appeal to be without merit.
CONCLUSION
For the above and foregoing reasons, the judgment of the district court upholding the constitutionality of Louisiana Revised Statute 23:1208, is hereby affirmed. All costs incurred in connection with this appeal shall be assessed against petitioner, Farm Fresh Food Supplier, Inc.
AFFIRMED.

. Jonathan Davis v. Farm Fresh Food Supplier, Office of Workers’ Compensation, State of Louisiana, District 06, Docket Number 01-01324.

. Pursuant to the applicable version of La. R.S. 23:1201(F), the judgment assessed penalties against Farm Fresh in the amount of $2,000.00 and awarded Davis $5,000.00 in attorney fees. The statute was subsequently amended by 2003 La. Acts, No. 1204 § 1.

. Davis v. Farm Fresh Food Supplier, 2002-1401 (La.App. 1 Cir. 3/28/03), 844 So.2d 352.