2KLINE, J.
Appellant, Ricky P. Bodiford, appeals the decision of the workers’ compensation judge dismissing his claim against appel-lee, Robinson Brothers Lincoln Mercury, having found that he did not carry his burden of proving that he suffered injury due to a work-related accident. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Ricky Bodiford was employed as an assistant parts manager by Robinson Brothers Lincoln Mercury (“Robinson Brothers”). According to Mr. Bodiford, on June 28, 2000, he was standing at his computer when a co-employee, Carlos Rios, asked Mr. Bodiford a question concerning the whereabouts of a fellow employee. In response to Mr. Rios, Mr. Bodiford twisted his body to the left resulting in immediate right leg numbness and a burning sensation in his back.
After the incident, Mr. Bodiford stated that he advised Sue Guidry of his symptoms. Sue Guidry testified that he did not inform her of an incident, only of his symptoms. He then telephoned his wife, Andrea Bodiford, informing her of the incident. Mrs. Bodiford telephoned Mr. Bodi-ford’s treating neurosurgeon, Dr. John Clifford, and made an appointment for Mr. Bodiford for the next morning. Mr. Bodi-ford continued working for the remainder of the day. He stated that he informed his supervisor, Jim Nations, that he felt he had injured his back, and that he was going to see the doctor the next morning. Mr. Nations testified that Mr. Bodiford informed him of the soreness of his back and numbness of his leg, but did not attribute those symptoms to a specific incident.
The following morning, Mr. Bodiford went to see Dr. Clifford. Dr. Clifford immediately admitted Mr. Bodiford into the hospital for an MRI scan. Eventually, in January of 2001, Dr. Clifford performed a lumbar laminectomy on Mr. Bodiford. Mr. Bodiford never returned to work with Robinson Brothers and has been declared totally disabled by Dr. Clifford. On'July 19, 2000, Kelly Rhea, the workers’ compensation adjuster handling the claim for Robinson Brothers, telephoned Mr. Bodiford in order to take a recorded statement. Soon afterwards,J^Ms. Rhea called Mr. *275 Bodiford to inform him of the decision to deny his workers’ compensation claim.
On September 7, 2000, Mr. Bodiford filed a disputed claim for compensation •with the Office of Workers’ Compensation (“OWC”) against Robinson Brothers. Following a mediation conference, Robinson Brothers filed its answer on December 12, 2000. A trial was held on the merits on August 29, 2001. At the trial, Mr. Bodi-ford testified about the facts surrounding the incident and the injuries that resulted. He also testified about the facts surrounding the issue of his prior back injury.
The workers’ compensation judge (“WCJ”) issued a written judgment on August 30, 2001, stating the following:
Considering the law, evidence, and arguments of counsel and for the reasons stated by the Court, It is Hereby Ordered, Adjudged and decreed that
1. The claimant has failed to prove by a preponderance of the evidence that an accident occurred in the course and scope of employment.
2. The claim for medical benefits is denied.
3. The claim for indemnity benefits is denied.
4. The claim is dismissed with prejudice, each party to bear its own costs. [Emphasis added.]
On September 10, 2001, Mr. Bodiford filed a motion for a new trial. A hearing was held on this matter on October 19, 2001 and on October 29, 2001, the WCJ issued a judgment denying Mr. Bodiford’s motion for new trial.
Mr. Bodiford appeals the WCJ’s findings and asserts the following assignments of error:
I. The [WCJ] was clearly wrong in finding that Ricky Bodiford did not sustain an “accident” on June 28, 2000 as defined by LA-R.S. 23:1021, thereby denying claimant/appellant’s entitlement to indemnity and medical benefits under the Workers’ Compensation Act.
II. The [WCJ] was clearly wrong in failing to award penalties and attorney’s fees to claimant/appellant due to Robinson Brothers’ arbitrary and capricious failure to investigate and denial of Mr. Bodiford’s [workers’] compensation claim.
III. The [WCJ] was clearly wrong in failing to award a civil penalty under LA-R.S. 23:1208 given Robinson Brothers’ willful and fraudulent misrepresentation of pertinent facts in an attempt to defeat Mr. Bodiford’s [workers’] compensation claim.
4LAW AND DISCUSSION
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. For an appellate court to reverse a trier of facts factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the factfinder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should *276 not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
In order for a claimant to be entitled to recover workers’ compensation benefits, he must prove, by a preponderance of the evidence, that a work-related accident occurred and that an injury was sustained. A claimant’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Williams v. Wal-Mart Stores, Inc., 2000-1347, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 294, 298.
In workers’ compensation cases, a disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident, and the symptoms of the disability appear after the accident and continue to manifest themselves. This presumption is available when sufficient medical evidence is introduced to show a reasonable possibility of a causal connection between the disability and the work-related accident, or that the | ¡¡nature of the accident raises a natural inference that such a causal connection exists. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1 Cir. 4/7/95), 654 So.2d 800, 807, writs denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1349, 1350. Thus, when there is proof of an accident and a following disability, without an intervening cause, it is presumed that the accident caused the disability. Jackson v. Savant Insurance Company, 96-1424, p. 3 (La.App. 1 Cir. 5/9/97), 694 So.2d 1178, 1180. Moreover, the fact that a claimant does not realize or diagnose the full extent of his injury immediately after an accident should not bar him from recovery. Middleton v. International Maintenance, 95-0238, pp. 6-7 (La.App. 1 Cir. 10/6/95), 671 So.2d 420, 424, writ denied, 95-2682 (La.1/12/96), 667 So.2d 523.
Thus, in determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is accorded great weight. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). The determinations by a workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Id.
At issue in the instant case is whether Mr. Bodiford proved, by a preponderance of the evidence, that a work-related accident did occur and caused his injuries. The WCJ, when ruling on Mr. Bodiford’s motion for new trial, stated that it did not believe that an accident had occurred. The record provides conflicting testimony and evidence of the events surrounding Mr. Bodiford’s actions right after the alleged accident as well as Mr. Bodi-ford’s actions the day prior to the alleged accident. Mr. Bodiford testified that he developed injuries as a result of twisting his body in response to a question by a coworker. Other testimony provided by fellow employees and his supervisor brought into question whether or not Mr. Bodiford might have injured himself from other incidents Lwhere he was lifting items well above a restricted weight imposed upon him as a result of previous injuries. Mr. Bodiford agreed that he was lifting a stove the day prior to the alleged subject incident. The parties stipulated that the stove *277 weighed 149 pounds, although he stated that he lifted it with the help of another employee.
The determinations as to whether Mr. Bodiford’s testimony is credible, whether the testimony of the other witnesses is credible, and whether Mr. Bodiford has discharged his burden of proof are factual determinations that will not be disturbed on review in the absence of manifest error. In this case, the WCJ found that the testimony of the other witnesses regarding the actual reporting of the injury by Mr. Bodi-ford without any reference to a particular incident, Mr. Bodiford’s references to his previous injuries, Mr. Bodiford’s lifting items over the restricted weight as set by a treating physician, and the lack of any other evidence to support a particular incident to call “accident,” was more credible than Mr. Bodiford’s testimony that an accident did occur. As a result, the WCJ determined that no work-related accident was proven to have occurred to cause injury to Mr. Bodiford. Based upon a complete review of the record, we cannot say that the WCJ was clearly wrong in finding that Mr. Bodiford did not prove, by a preponderance of the evidence, that he was injured in a work-related accident during the course and scope of his employment. As a result of this finding, we pretermit addressing the other asserted assignments of error.
CONCLUSION
For the above and foregoing reasons, the judgment of the WCJ dismissing Mr. Bodiford’s claim for workers’ compensation benefits is affirmed. Costs associated with this appeal are assessed against Ricky P. Bodiford.
AFFIRMED.