| .CARTER, C.J.
Defendant, Farm Fresh Food Supplier, Inc. (Farm Fresh), suspensively appeals a decision of the Workers’ Compensation Judge (WCJ) in favor of the claimant, Jonathan Davis, for benefits, penalties, and attorney’s fees. Davis answers this appeal seeking additional attorney’s fees for appellate representation. For the following reasons, we affirm the WCJ’s decision.
BACKGROUND
Jonathan Davis worked for Farm Fresh in both its plant and as a delivery truck driver on and off for a five-year period. On February 21, 2001, Davis filed a claim with the Office of Workers’ Compensation (OWC) for an injury received January 18, 2001. According to Davis, while making deliveries for Farm Fresh, the products inside the delivery truck shifted, causing him to crash the cab of the truck into a ditch. Lionel Dufour, the owner of Farm Fresh, denied an accident occurred.
Trial was held on May 1, 2002. On May 13, 2002, the WCJ signed a purported judgment, and Farm Fresh appealed to this court. This court held that because the judgment contained reasons and a decree that contradicted one another, it was not a decision with legal certainty. Davis v. Farm Fresh Food Supplier, 2002-1401 (La.App. 1 Cir. 3/28/03), 844 So.2d 352. Finding the judgment lacked the quality of a thing adjudged, the judgment was vacated, the appeal dismissed without prejudice, and the matter remanded to the OWC. Id.
Pursuant to this court’s remand order, the WCJ signed a judgment on April 4, 2003. The judgment awarded Davis temporary total disability | .benefits from January 18, 2001, through May 8, 2001, at the rate of $201.77 per week, plus medical expenses in the amount of $3,865.00, and assessed all costs against Farm Fresh. Pursuant to the applicable version of LSA-R.S. 23:1201 F,[1] the judgment assessed penalties against Farm Fresh in the amount of $2,000.00 and awarded Davis $5,000.00 in attorney’s fees. Finding Farm Fresh violated the provisions of LSA-R.S. 23:1208 A, an additional $5,000.00 civil penalty was assessed pursuant to LSA-R.S. 23:1208 D.
Thereafter, Farm Fresh filed a motion for new trial. In support of its motion for new trial, Farm Fresh argued that Davis failed to prove his case by a preponderance of the evidence, that the imposition of $12,000.00 in penalties and attorney’s fees was excessive, and that LSA-R.S. 23:1208 is unconstitutional.[2] The motion for new trial was denied; this appeal follows.
Farm Fresh alleges two assignments of error. First, Farm Fresh maintains the trial court erred in finding that Davis proved his ease by a preponderance of the evidence. Second, Farm Fresh challenges the assessment of penalties and attorney’s fees.
LAW AND ANALYSIS

Proof by a Preponderance of the Evidence

In order for a claimant to recover workers’ compensation benefits, he *219 must prove by a preponderance of the evidence that a work-related accident |4occurred and that an injury was sustained. Bodiford v. Robinson Bros. Lincoln Mercury, 2002-1033 (La.App. 1 Cir. 3/28/03), 844 So.2d 272, 276. Farm Fresh suggests'Davis’s self-serving testimony is the only evidence that an accident occurred, and this alone is insufficient proof. However, a claimant’s testimony alone may be sufficient to discharge his burden of proof provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Bodiford, 844 So.2d at 276. The WCJ’s determinations as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Bodiford, 844 So.2d at 276.
Davis testified that shortly after leaving the Farm Fresh plant on the morning of January 18, 2001, the load in the delivery truck he was driving shifted, causing the cab of the vehicle to crash into a ditch. Approximately ten minutes after the wreck, a passerby stopped and allowed Davis to use her cell phone to contact his boss, Lionel Dufour. According to Davis, an angry Dufour arranged for a wrecker to remove the truck from the ditch. The tow truck arrived approximately thirty minutes later; the delivery truck was pulled from the ditch, and Davis completed all of his deliveries for the day. Davis identified the driver of the tow truck as Chicken Gaines.
According to Davis, the next morning Gerald Solomon, an employee of Farm Fresh, stopped by Davis’s house to pick Davis up for work. Davis told Solomon that he was not feeling well and would not be going to the |Roffice. Later that afternoon, Davis went to Farm Fresh to pick up his check. According to Davis, Dufour refused to give him his paycheck until he signed a statement stating he had quit his job, an allegation Dufour confirmed. Davis’s final paycheck included a $134.60 deduction. Davis explained the deduction was for the $125.00 cost of the wrecker and miscellaneous expenses. In contrast, Dufour denied deducting a wrecker fee, saying the $125.00 was for “borrowed cash.”
Dufour confirmed that Davis delivered his route on January 18, 2001, without missing a stop. However, in direct conflict with Davis’s testimony, Dufour denies that an accident occurred. Dufour testified that he never paid a wrecker fee, and Davis never told him he had a wreck or that he injured himself. When Davis failed to report to work the next morning, Dufour assumed Davis had quit. Both men agreed that over the years Davis had quit or been fired on several occasions.
In resolving this dispute, it was necessary for the WCJ to reach a factual conclusion regarding whether an accident occurred on January 18, 2001. Before an appellate court may reverse the factual determination of a WCJ, it must find from the record that a reasonable factual basis does not exist for the findings or, if there is a reasonable basis, that the record establishes that the findings are clearly wrong or manifestly erroneous. Teano v. Electrical Const. Co., 2002-2032 (La.App. 1 Cir. 5/9/03), 849 So.2d 714, 717. When factual findings are based on witness credibility, the appellate court must give great deference to the factfinder’s decision to credit or discredit a witness’s testimony. Id. Moreover, a factfinder’s decision to credit the testimony of one of two or more witnesses can | ¡^virtually never be manifest *220 ly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 845 (La.1989).
The WCJ’s decision to discredit the testimony of Dufour is supported by the record. For example, when asked under oath if Farm Fresh had workers’ compensation insurance on January 18, 2001, Dufour responded: “No, sir.” Dufour then retreated from his earlier statement and admitted that Farm Fresh did have workers’ compensation insurance on the date of the accident and that he had lied under oath. Moreover, circumstances following the incident corroborated Davis’s testimony that an accident had indeed occurred.
In workers’ compensation cases, a disability is presumed to be the result of the work-related accident if the claimant was in good health before the accident and the symptoms of the disability appear after the accident and continue to manifest themselves. Bodiford, 844 So.2d at 276. When there is proof of an accident and a following disability without an intervening cause, it is presumed that the accident caused the disability. Bodiford, 844 So.2d at 276.
Davis testified that he hit his head on the steering wheel when the delivery truck crashed into the ditch. Although his side was swollen, Davis testified that he had no obvious injuries to his face or head. After consulting with an attorney, Davis went to see George Anthon, a doctor of chiropractic.
Dr. Anthon’s deposition supports the conclusion that Davis was injured as the result of the accident. Dr. Anthon stated in his deposition that he first examined and treated Davis on January 23, 2001— five days after the accident. Consistent with Davis’s testimony, Dr. Anthon indicated that 17Pavis had no outward sign of injury, such as bruising, scratches, or cuts. Davis presented with neck pain, lower back pain, mid back pain, and headaches. Dr. Anthon indicated Davis tested positive for muscle spasms in the cervical and lumbar spine, an objective finding and a sign of underlying injury. Dr. Anthon conducted additional tests on Davis, ultimately concluding that Davis had an acute moderate cervical sprain, an acute moderate thoracic sprain, and an acute moderate lumbar sprain.
After a thorough review of the record, we find the WCJ had a reasonable basis for finding that Davis proved by a preponderance of the evidence that a work-related accident occurred and an injury was sustained. Dufour’s dubious testimony did not discredit or cast serious doubt upon Davis’s claim that an accident occurred. Moreover, Davis’s testimony is supported by Dr. Anthon’s objective findings of injury just five days after the accident.

Penalties and Attorney’s Fees

Pursuant to LSA-R.S. 23:1201 F, the trial court ordered Farm Fresh to pay penalties in the amount of $2,000.00 and attorney’s fees in the amount of $5,000.00. In addition, finding that Farm Fresh violated the provisions of LSA-R.S. 23:1208 A, Farm Fresh was assessed a civil penalty of $5,000.00, pursuant to LSA-R.S. 23:1208 D. Farm Fresh alleges these penalties and attorney’s fees are excessive. Conversely, Davis asks this court for an increase in attorney’s fees for the additional work required by this appeal.
Under LSA-R.S. 23:1201 F, an employee has the burden of proving his entitlement to statutory penalties, including attorney’s fees, due to the employer’s failure to timely pay workers’ compensation benefits. See Hooker v. Wal-Mart Stores, Inc., 38,244 (La.App. 2 Cir. 3/3/04), 867 So.2d 869, 878. To reasonably controvert a workers’ compensation claim so as to avoid the imposition of penalties and attorney’s fees, the employer must provide *221 sufficient factual and medical information to reasonably counter the evidence provided by the claimant. Id.
Herein, the only evidence Farm Fresh offered to controvert Davis’s claim that an accident with resulting injury occurred was Dufour’s testimony — testimony rejected by the WCJ. Dufour acknowledged his failure to report Davis’s claim to Farm-Fresh’s workers’ compensation carrier and that he made no attempt to ascertain the extent of Davis’s injuries or medical expenses. Although Dufour first testified he did not receive a letter from Davis’s counsel, he then testified that he “probably just threw it away.”
A WCJ’s award of penalties and attorney’s fees under LSA-R.S.'23:1201 is a factual determination that should not be disturbed on appeal unless clearly wrong. Augustus v. St. Mary Parish School Bd., 95-2498 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1154. The record available to the WCJ contained sufficient factual information from which to conclude Farm Fresh did not reasonably controvert Davis’s claim and failed to provide benefits in accordance with the provisions of the workers’ compensation law. Its unreasonable failure to provide benefits triggered the imposition of penalties and attorney’s fees. We find no error in the WCJ’s award of statutory penalties and attorney’s fees under LSA-R.S. 23:1201 F.
The workers’ compensation statutory scheme also provides for the imposition of civil penalties when a person, for the purpose of defeating any | nworkers’ compensation benefit or payment, willfully makes a false statement or representation. LSA-R.S. 23:1208 A. The statute is broadly worded and encompasses any false statements or misrepresentations made to anyone when made willfully or deliberately for the purpose of obtaining or defeating benefits. See Davis v. AMS Tube Corp., 2002-2427 (La.App. 1 Cir. 12/31/03), 868 So.2d 141, 144. The relationship between the false statement and the. pending claim is probative in determining whether the statement was made willfully for the purpose of defeating benefits. See Id.
As observed earlier, Dufour lied under oath regarding whether he had workers’ compensation insurance at the time Davis was injured. In justifying his lie, Dufour explained: “The reason I told you I didn’t have any is because most lawyers with a fictitious claim like this particular one when they approach you, you tell them you don’t have any Workmen’s Comp, they leave you alone.” Dufour made an admittedly false statement solely for the purpose of defeating Davis’s workers’ compensation claim. These misrepresentations fall within the scope of LSA-R.S. 23:1208 A, and we find no error in- the WCJ’s award of statutory civil penalties and attorney’s fees.
In answering this appeal, Davis seeks additional attorney’s fees for appellate representation. The penalty and incentive to act in a particular- manner provided by an award of attorney’s fees lies in the imposition of the fees rather than in the amount of the fees awarded. Langley v. Petro Star Corp. of La., 2001-0198 (La.6/29/01), 792 So.2d 721, 726. Therefore, a court should not take into’ consideration the degree of bad faith exhibited by an employer in determining the appropriate amount of attorney’s fees to be awarded. See Langley, 792 So.2d at 728. Rather, factors to be considered Imwhen fixing the amount of attorney’s fees to be awarded in workers’ compensation cases include the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case. Lang *222 ley, 792 So.2d at 727. We find the award of attorney’s fees in the sum of $5,000.00 adequately compensates counsel for all legal services provided, including appellate work.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the WCJ. Costs on appeal are assessed to Farm Fresh Food Supplier, Inc.
AFFIRMED.

. The statute was amended by 2003 La. Acts, No. 1204 § 1.

. Farm Fresh indicates a petition to declare LSA-R.S. 23:1208 unconstitutional was filed in the Nineteenth Judicial District Court with the caption Farm Fresh Food Supplier, Inc. v. Jonathan Davis, et al., docket number 507,-442. In its brief, Farm Fresh expresses its intent to appeal an adverse judgment in that case. The constitutionality of LSA-R.S. 23:1208 has not been raised in this appeal and, therefore, is not properly before this court.