lijFOIL, Judge.
Michael Anderson appeals a judgment forfeiting his right to workers’ compensation benefits under La. R.S. 23:1208, based upon a finding that he made material misrepresentations in connection with his claim. The judgment further ordered restitution to his employer, Barrett Interior Specialties, of all benefits previously paid. We affirm.
FACTS
This case involves a claim for workers’ compensation benefits. The parties stipulated that appellant, Michael Anderson, was injured in an on-the-job accident that occurred on September 9, 1998. He suffered injuries to his head, back, and neck when he was hit in the head by some pieces of 2 x 4 lumber that fell on him from overhead. The parties further stipulated that Anderson’s average weekly wage was $274.88, and that benefits plus medical expenses were paid to him from the date of the injury through May 26, 1999, when he was discharged by his treating physician. As of that date, Anderson had seen several physicians and undergone multiple diagnostic tests. When he was released to return to duty, his employer, Barrett Interior Specialties, terminated benefits. Anderson did not return to work.
In September, 1999, Anderson sought additional treatment from a chiropractor. He subsequently sought additional workers’ compensation benefits, claiming he remained totally and temporarily disabled. The employer denied that Anderson remained disabled. It further asserted the defense of intoxication, based on evidence that Anderson had used an illegal drug at the time of the accident. The employer also asserted additional defenses under La. R.S. 23:1208. It claimed that Anderson made false statements to one of his treating physicians in a willful attempt to obtain continuing benefits.
Workers’ Compensation Judge (WCJ) Anthony Palermo found that Anderson was disabled until May 26, 1999. He further found that, although a positive drug test result indicated that Anderson was intoxicated when the accident occurred, the intoxication did not lead to the accident and resulting injuries. Finally, the WCJ found that Anderson made fraudulent 1¡^misrepresentations to one of his treating physicians, Dr. Paul Dammers, that he had never used drugs. Dr. Dammers is a neu-ropsychologist who evaluated Anderson to determine the nature and extent of any cognitive and/or emotional problems he may have sustained in the work-related accident. The WCJ found this misrepresentation to be very significant because any substance abuse by Anderson would be important to the doctor’s assessment of Anderson’s mental and psychological status. Anderson was aware that he had taken a drug screen after his accident, yet he chose to deny prior drug use to Dr. Dammers because he apparently thought it would affect his ability to continue receiving benefits. Accordingly, the WCJ found that Anderson violated La. R.S. 23:1208 and therefore forfeited his entitlement to any benefits. The WCJ ordered restitution to the employer of the amount of all benefits paid. This appeal by Anderson followed.
DISCUSSION
In three assignments of error, Anderson asserts that the drug test procedure utilized in this case violates La. R.S. 23:1081. Specifically, Anderson claims that there was no valid proof that he had used drugs because the chain of custody form indicates that he was tested on August 10, 1998, which is one month before the accident occurred. The form further identifies *994 the collection site as Greenwell Springs Road, when the specimen was actually collected at Our Lady of the Lake Medical Center.
In response to these arguments, the employer argues that the WCJ accepted evidence and testimony concerning the chain of custody form and found it to be reliable and admissible. After reviewing the record, we find no error in the acceptance of this evidence. Anderson admitted at the hearing that he consented to the drug test, which was performed on the day after the accident when he was at Our Lady of the Lake Medical Center. He identified his signature on the chain of custody form. Anderson further admitted that this was the only drug test he had taken while he worked for Barrett Interior Specialties. We agree with the employer’s contention that the wrong date on |4the form was simply a clerical mistake, and find no merit to these assignments of error.
Finally, in another assignment of error, Anderson asserts the WCJ erred in sustaining the employer’s objection to his chiropractor’s testimony concerning the distinction between chiropractic and medical training in reference to neuromuscular skeletal problems. The employer claims that the attempt to have Dr. Roth comment on the relative training of physicians and chiropractors was both outside the scope of his expertise and irrelevant to the evidence in the case. The employer asserts the WCJ was within his discretion in sustaining the objection. We agree and find no merit to this assignment of error.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.
PETTIGREW, J. dissents and assigns reasons.