835 So.2d 742 (2002)
Wayne DUKES
v.
SHERWOOD ACRES APARTMENTS and Fireman's Fund Insurance Company.
No. 2001 CA 2325.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*744 Terry L. Bonnie, Baton Rouge, Counsel for Plaintiff/Appellant Wayne Dukes.
M. Blake Monrose, Lafayette, Counsel for Defendants/Appellees Sherwood Acres Apartments and Fireman's Fund Insurance Co.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, J.
Claimant-appellant, Wayne Dukes, appeals a judgment in favor of employer-appellee, Sherwood Acres Apartments (Sherwood Acres) and its compensation insurer-appellee, Fireman's Fund Insurance Company, on their reconventional demand, finding that Dukes willfully made false statements and/or representations for the purpose of obtaining workers' compensation benefits. Declaring forfeiture of Dukes' right to past, present, or future workers' compensation, the judgment also orders Dukes to pay a $5,000.00 civil penalty and $16,248.94 in restitution as well as an additional $12,060.32 for investigation and litigation costs.[1] We affirm in part, vacate in part, and remand with instructions.

FACTUAL AND PROCEDURAL BACKGROUND
On May 5, 2000, while employed as a maintenance person at Sherwood Acres, Dukes allegedly injured his lower back while reinstalling a toilet in an apartment bathroom. He notified his supervisor and the Sherwood Acres office manager. At his employer's suggestion, Dukes sought medical attention at Summit Hospital. An x-ray was taken, which revealed chronic degenerative findings, with no detection of acute trauma to the lumbar spine. The treating physician at Summit Hospital indicated his impression of Dukes's condition based on the x-ray was a lumbar strain. He was given medical prescriptions and advised to apply heat to his lower back. Four days later, Dukes sought additional medical attention from his personal physician, Dr. Raynando Banks, for lower back pain. Dr. Banks referred Dukes to Dr. Boyd for epidural injections. And Dr. Boyd apparently placed Dukes on a regimen of physical therapy after two epidural injections failed to relieve the lower back pain. Dukes was also seen by Dr. Lea at the request of appellees.
A request for an evaluation by a surgeon was apparently pending when Dukes filed a disputed claim form (1008) seeking his choice of physician as well as penalties and attorney's fees. Appellees answered Dukes' allegations and filed a reconventional demand, averring that by willfully making false statements and/or representations in order to obtain workers' compensation benefits, Dukes forfeited any *745 right to workers' compensation benefits. Appellees requested full statutory recovery from Dukes.
After a hearing on the merits, the Workers' Compensation Judge (WCJ) determined that appellees were entitled to relief on their reconventional demand. The WCJ signed a judgment declaring that Dukes forfeited his right to workers' compensation benefits, assessed a $5,000.00 civil penalty, and ordered restitution. Dukes appeals.

DISCUSSION
Louisiana Revised Statute 23:1208 provides in relevant part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
(4) Notwithstanding any provision of law to the contrary which defines "benefits claimed or payments obtained", for purposes of Subsection C of this Section, the definition of "benefits claimed or payments obtained" shall include the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for forfeiture of benefits under section 1208 are that: (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Hull v. Fluker Farms, 00-0757, p. 6 (La.App. 1st Cir.5/11/01), 787 So.2d 535, 539.
The issue of whether an employee forfeited his workers' compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. *746 Id. Before an appellate court may reverse the factual determinations of the WCJ, it must find from the record a reasonable factual basis does not exist for the findings, i.e., that the findings are clearly wrong or manifestly erroneous. Id. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id., 00-0757 at p. 6, 737 So.2d at 539-40 (citing Stobart v. State, Dep't of Transp. and Dev., 617 So.2d 880, 883 (La.1993)).
Dukes urges the WCJ was manifestly erroneous in its conclusion that he willfully made false statements or representations. Dukes suggests that careful scrutiny of his deposition testimony, taken on December 21, 2000, and his testimony at the hearing on the merits on April 18, 2001, fails to reveal any false statements or representations to support the imposition of relief under La. R.S. 23:1208 in favor of appellees.
At the hearing on the merits, appellees introduced the medical records of Dukes' treating physician, Dr. Banks. According to Dr. Banks' records, on February 24, 2000, Dukes sought medical attention for pain in his lower back and knees. Dr. Banks' handwritten notation on the February 24, 2000, Progress Note states that Dukes reported, "he is almost paralyzed." There is no history provided in the "Chief Complaint with History" section of the February 24, 2000, Progress Note. Dr. Banks' records also include a Progress Note for May 9, 2000, which expressly states that Dukes complained of "having injury on job," indicating that the patient's chief complaints were neck and back pain. In the May 9, 2000, Progress Note, under a section entitled "Signs and Symptoms," Dr. Banks wrote, "[Dukes] state[d] while picking up [a] commode out of the [bathtub] before setting it [in]to drainage he noticed upper and lower back pain."
Appellees also placed into evidence Dukes' deposition taken on December 21, 2000, in which Dukes was asked whether his back had "hurt" in the past five years. Dukes explained, "Every now and then ... I might get a pain in the back, but it was not a pain that would stay." He expressly stated of back pain experienced over the past five years, "it [was not] a bad pain." And Dukes testified that he had "[n]ever, never" received medical treatment for his lower back prior to the May 5, 2000 incident at Sherwood Acres.
At the hearing on the merits, Dukes testified that sometime around February 2000, he hurt his back while lifting a toilet working at Sherwood Acres. He did not tell anyone at work about the injury and did not make a claim, although he saw a doctor for treatment. Dukes stated that the reason he did not mention the earlier back pain and medical treatment at his deposition was that he forgot.
Our review convinces us that the WCJ discredited Dukes' hearing testimony that he forgot that he had sought medical treatment in February 2000 for lower back pain. In February 2000, Dukes described to Dr. Banks that as a result of his lower back pain, he was almost paralyzed. But less that ten months later at his deposition, Dukes denied having had any "bad pain" in his lower back. And at the deposition, he clearly testified that he had "[n]ever, never" sought medical treatment for his lower back. The documentary evidence shows that while Dr. Bank's office indicated in its Progress Note that the May 9, 2000 treatment was as result of an on-the-job injury and included a detailed accounting in the physician's own handwriting of the events which led to the injury, no such references were made in the office's Progress Note of February 24, *747 2000. Besides his testimony, the record is devoid of any evidence that supports Dukes' hearing version of events that led to the February 24, 2000, medical attention for his lower back.
Mindful that resolution of factual incongruence is uniquely the province of the factfinder, we cannot say that the WCJ was manifestly erroneous in either his factual findings or his conclusion that Dukes' deposition testimony included false statements willfully made for the purpose of obtaining workers' compensation benefits. The WCJ implicitly found that Dukes made the false statements (denying that he had suffered from "bad pain" or sought any medical attention for his lower back within five years of May 5, 2000) in an effort to misrepresent the evidence of causation for this workers' compensation claim against appellees.[2] Because an evidentiary basis exists to support the WCJ's factual conclusion that Dukes forfeited entitlement to workers' compensation benefits under La. R.S. 23:1208, we are duty bound to affirm that determination.[3]
Accordingly, that portion of the WCJ's judgment that orders Dukes' forfeiture of any past, present, and future workers' compensation benefits is affirmed. And under La. R.S. 1208D, those portions of the WCJ judgment, assessing a $5,000 civil penalty and ordering restitution against Dukes in appellees' favor are appropriate under the facts of this case and, therefore, are affirmed.
On the record before us we are unable, however, to conclude that the amount of restitution ordered by the WCJ was proper, given the statutory limitations applicable to such an award. See Hull, 00-0757 at p. 12 n. 4, 787 So.2d at 542-43 n. 4. According to La. R.S. 23:1208D, restitution may be awarded for "benefits claimed or payments obtained through fraud" and such an award of restitution is only allowed "up to the time the employer became aware of the fraudulent conduct." While subsection D contains no definition of "benefits claimed or payments obtained," subsection C, which deals with criminal penalties, defines "benefits claimed or payments obtained" as "the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expenses, and reasonable costs of investigation and litigation." Hull, 00-0757 at p. 12, 787 So.2d at 543. Although this definition is contained in and expressly applicable to subsection C, it is incorporated by reference to subsection D, which provides for restitution and, therefore, applies to restitution claims as well. See Hull, 00-0757 at pp. 12-13, 787 So.2d at 543 (citing Yarnell Ice Cream Co. v. Allen, 33,020, pp. 7-8 (La.App.2d Cir.5/10/00), 759 So.2d 1066, writ granted, 00-1520 (La.9/15/00), 767 So.2d 699, writ recalled, 00-1520, 777 So.2d 472 (La.1/17/01)). Cf. Anderson v. Barrett Interior Specialties, 00-1663 (La.App. 1st Cir.9/28/01), 809 So.2d 992 (wherein another panel of this court affirmed without discussion of the applicability of La. R.S. *748 1208C & D "the amount of all benefits paid.")
Turning to the WCJ's determination of the amount of restitution appellees are entitled to under La. R.S. 23:1208D "for benefits claimed or payments obtained through fraud," Dukes' false statements made in his December 21, 2000, deposition testimony reveal that Dukes engaged in the fraudulent conduct from the inception of this claim for workers' compensation benefits. Thus, based on the facts of this case, appellees are entitled to indemnity and medical benefits they paid to Dukes from commencement.
Addressing the scope of restitution insofar as "the time the employer became aware of the fraudulent conduct," this record establishes that at the time of the December 21, 2000 deposition, appellees already knew that Dukes had sought Dr. Banks' medical attention for his lower back on February 24, 2000. Thus, with Dukes' deposition testimony on December 21, 2000, stating that he had not had any "bad pain" or sought medical attention for his lower back within five years of the May 5, 2000 accident, appellees became aware of Dukes' fraudulent conduct. Thus, under the plain language of La. R.S. 23:1208D and the facts established in this record, restitution in favor of appellees can only be ordered through December 21, 2000.
At the hearing on the merits, appellees' attorney, M. Blake Monrose, testified that Dukes was paid total indemnity benefits of $7,233.85 and total medical benefits of $9,015.09. Monrose testified that total investigation expenses, including the cost of the investigator's hearing testimony, were $8,035.32. Litigation and other legal expenses totaled $4,025.00 according to Monrose. No other evidence of the benefits claimed or payments obtained by Dukes was submitted. Monrose's testimony does not break down the amounts expended by appellees in this matter on any basis, and the record does not otherwise contain any sort of itemization of any of these amounts. Thus, lacking itemization of these total amounts, because an order of restitution under La. R.S. 23:1208D is limited to those "benefits claimed or payments obtained through fraud" and then only until that point in "time the employer became aware of the fraudulent conduct," we must remand for the WCJ to ascertain that portion of the total amount of indemnity and medical benefits, investigation and litigation costs, as well as any other restitution appellees are entitled to recover under La. R.S. 23:1208D from inception of this claim by Dukes for workers' compensation benefits through December 21, 2000, the date this record establishes Sherwood Acres became aware of Dukes' fraudulent conduct.

DECREE
For these reasons, the judgment rendered by the WCJ is affirmed insofar as it orders that Dukes: (1) forfeited any right to past, present, or future workers' compensation; (2) make restitution to appellees; and (3) is assessed a $5,000 civil penalty under La. R.S. 23:1208. The WCJ's judgment is vacated insofar as it orders Dukes to pay restitution in the amount of (1) $16,248.94 for benefits paid by appellees; and (2) $12,060.32 for the reasonable costs of investigation and litigation. The matter is remanded for the WCJ to apply the provisions of La. R.S. 23:1208D. Specifically, the WCJ is ordered to ascertain the amount of benefits Dukes obtained through fraud, which commenced with the first benefit claimed or the first payment obtained by Dukes from appellees through December 21, 2000, the date appellees became aware of the fraud. In determining the amount of restitution appellees are entitled to recover from Dukes, the WCJ is instructed to consider *749 all evidence submitted on the cost or value of indemnity benefits, the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation. Costs of this appeal are assessed one-half to claimant-appellant, Wayne Dukes, and one-half to appellees, Sherwood Acres Apartments and Fireman's Fund Insurance Company.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.
DOWNING, J., concurs and assigns reasons.
DOWNING, J., concurs and assigns reasons.
An employer who terminates benefits when it first becomes aware of possible fraud runs a great risk of incurring penalties. A prudent employer would commence an investigation and incur expenses, including additional medical examinations, to confirm the fraud prior to terminating benefits. These costs are directly related to the fraud prior to terminating benefits. These costs are directly related to the fraud and should be recovered. The judiciary, however, should not rewrite legislation in the guise of interpreting it, although this rule is often honored in the breach. This ruling follows the clear language of the statute.
NOTES
[1] The judgment also grants appellees' motion to dismiss at the close of claimant's case-in-chief based on an express finding that Dukes failed to carry his burden of proving entitlement to benefits. That portion of the judgment has not been appealed.
[2] Although unnecessary for our resolution of the issues raised on appeal, we note that appellees introduced evidence of surveillance videos depicting inter alia claimant's range of motion during August and September 2000, which the WCJ may have factored into his determination of Dukes' credibility.
[3] Although Dukes avers the WCJ was manifestly erroneous in allowing him to proceed at the hearing on the merits without an attorney, he neither objected at trial nor offers any legal authority in support of his contention. Because a workers' compensation claimant is afforded the right to proceed without retained legal representation, just as any other litigant, we find no error.