1,KUHN, J.
Claimant-appellant, Wayne Dukes, appeals a judgment of the Office of Workers’ Compensation (OWC), which awards $20,388.56 in restitution to employer-ap-pellee, Sherwood Acres Apartments (Sherwood Acres), which has answered this appeal, requesting damages for frivolous appeal. We affirm the OWC judgment and deny the relief requested by the employer in its answer.
In an earlier appeal, based on a finding that claimant had willfully made false statements and/or representations for the purpose of obtaining workers’ compensation benefits, this court affirmed OWC’s judgment insofar as it ordered that Dukes: (1) forfeited any right to past, present, or future workers’ compensation; (2) make restitution to appellees; and (3) pay a $5,000 civil penalty under La. R.S. 23:1208. See Dukes v. Sherwood Acres Apartments, 2001-2325 (La.App. 1st Cir.11/8/02), 835 So.2d 742. Finding insufficient evidence of the amount of benefits or payments obtained by Dukes through fraud until that point in time that the employer became aware of the fraudulent conduct, we vacated the portion of the OWC judgment that ordered Dukes to pay to Sherwood Acres restitution in the amount of (1) $16,248.94 for benefits paid by the employer; and (2) $12,060.32 for the its reasonable costs of investigation and litigation. Id., 2001-2325 at p. 9, 835 So.2d 742. We remanded for OWC to determine the amount of restitution to which Sherwood Acres was entitled, specifically instructing consideration of all evidence submitted on the cost or value of indemnity benefits, the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.
| aAt the hearing on the remand, Sherwood Acres offered evidence in conformity with our earlier order, and OWC issued a judgment awarding total restitution of $20,388.56, which included an investigative expense of $2,700. Dukes appeals, challenging the quantum of the investigative costs.[1]
*418 In challenging the investigative costs, Dukes questions the authenticity and accuracy of a surveillance tape admitted into evidence at the underlying trial and, thus, its inclusion in the total amount of investigative costs assessed against him. But Sherwood Acres submitted invoices totaling $2,700 that showed seventeen hours of investigation from August 2000 through September 2000, all of which preceded the December 21, 2000 deposition at which time Sherwood Acres became aware of Dukes’ fraudulent conduct. And Dukes did not offer anything to controvert or to otherwise impugn that evidence. Thus, OWC’s $2,700 award for investigative costs, supported by the record, is proper.
On appeal, Sherwood Acres seeks additional damages for frivolous appeal, asking us to infer from the record that Dukes’ sole motive in appealing was to delay execution of the OWC judgment.
Damages for frivolous appeal are awarded pursuant to La. C.C.P. art. 2164. But because the -statute is penal in nature, it must be strictly construed. Dear v. Mobile, 93-1188 (La.App. 1st Cir.5/20/94), 637 So.2d 745, 748. Appeals are favored and penalties for frivolous appeal will not be imposed unless they are clearly due. Id. Even when an appeal lacks serious legal merit, damages for a | ¿frivolous appeal will not be awarded unless it is clear that the appeal was taken solely for the purpose of delay or that appellant is not serious in the position he advocates. Id. Moreover, courts of appeal generally refrain from awarding damages for frivolous appeals against pro se litigants. See Bankston v. Alexandria Neurosurgical Clinic, 94-693, p. 4 (La.App. 3d Cir.12/7/94), 659 So.2d 507, 511. The slightest justification for an appeal precludes damages for frivolous appeal. Id.
Based on our review of the hearing transcript, it is clear that Dukes believes that the surveillance tape that was admitted into evidence at the underlying trial has been altered. ' While we do not in this appeal pass judgment on the correctness of his belief, it is evident that Dukes’ purpose in appealing is an attempt to vindicate the earlier determination finding a reasonable factual basis for OWC’s conclusion that he had willfully made false statements and/or representations for the purpose of obtaining workers’ compensation benefits. We simply are not convinced that Dukes’ motive was to delay execution of the judgment. Mindful that Sherwood Acres has already been awarded restitution in the amount of $20,388.56, despite the lack of depth of his legal assertion, we simply decline to assess further damages against this claimant for frivolous appeal.
Nevertheless, Sherwood Acres has correctly pointed out that we expressly noted in our affirmance of OWC’s order of forfeiture that sufficient evidence, without consideration of the surveillance tape, supported OWC’s conclusion that false statements and/or representations had willfully been made by Dukes to obtain benefits. Therefore, Dukes was on notice that the accuracy and authenticity of the surveillance tape were not viable issues at this juncture of the proceeding. | .^Accordingly, despite his belief in the justification for his pro se appeal, we assess all costs of this *419 appeal against claimant-appellant, Wayne Dukes.
AFFIRMED.

. Although represented by an attorney at the OWC hearing, on appeal Dukes is a pro se litigant. While Dukes' appellate brief is bare-bones, it is apparent that he attempted to conform to URCA Rule 2-12.4. We glean his appellate contention from both his brief to this court and the hearing transcript wherein he attempted to levy the same complaint before OWC.