LMcCLENDON, J.
The issue raised on appeal herein is whether the workers’ compensation judge erred in finding that the claimant intentionally made fraudulent statements to obtain workers’ compensation benefits in violation of LSA-R.S. 23:1208. For the following reasons, we affirm in part and reverse in part.
Frenita East Young, a clinical data technician employed by Our Lady of the Lake Hospital, Inc. d/b/a/ Our Lady of the Lake Regional Medical Center (OLOL), filed an incident report with her employer stating that she injured her back and right leg while lifting medical charts on July 31, 2001. In September 2001, OLOL filed a disputed claim for compensation with the Office of Workers’ Compensation, alleging that no accident occurred within the definition of LSA-R.S. 23:1021 and that the claimant’s medical condition was due to degenerative disc disease, a condition specifically excluded from coverage under the Louisiana Workers’ Compensation Act. OLOL further alleged fraud on the part of Young pursuant to LSA-R.S. 23:1208.
After hearing the matter, the workers’ compensation judge rendered judgment in favor of OLOL and against Young, finding Young committed fraud and, therefore, forfeited her entitlement to workers’ compensation benefits in accordance with LSA-R.S. 23:1208. The workers’ compensation judge further ordered Young to pay OLOL restitution in the sum of $1,529.50. Young appeals, asserting that the workers’ compensation judge erred in concluding that she intentionally made fraudulent statements to obtain benefits.
Louisiana Revised Statute 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
E. Any employee violating this Section shall ... forfeit any right to compensation benefits under this Chapter.
13LSA-R.S. 23:1208 applies in all circumstances where (1) there is a false statement or representation, (2) the statement or representation was willfully made, and (3) the statement or representation was made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Constr. Co., 94-2708 & 94-3138, p. 7 (La.9/5/95), 660 So.2d 7, 12.
In her initial incident report filed with her employer, Young specifically stated that the accident occurred on July 31, 2001. Also, therein Young acknowledged that she experienced back pain “off and on” prior to July 31, 2001. However, she made no mention of any previous work-related injury at this time. The record reflects that Young consulted her primary care physician, Dr. Darakhshan G. Wahid, twice before the alleged accident of July 31. On July 10, 2001, she reported severe right hip pain for a duration of approximately two weeks that prohibited her from sitting properly. On July 17, 2001, Young complained of severe right hip pain with lumbar radiculopathy. Then, during a vis *430 it to the emergency room on July 31, 2001, the same day as the alleged work-related injury, Young complained of right hip pain that began approximately three weeks earlier and reported no recent injury. An MRI performed on August 7, 2001, revealed bulging discs at L4-5 and L5-S1.
Young consulted an orthopedic surgeon, Dr. Thad S. Broussard, on August 17, 2001. In the patient information form she completed immediately prior to her appointment with Dr. Brqussard, Young indicated she sought examination of her back and hip and that her condition was the result of an accident that occurred while she was lifting charts at work on July 31, 2001. However, Dr. Broussard’s records reflect that Young told him that the back and leg pain began around July 1, 2001 and that she was not sure what caused the pain. Dr. Broussard’s recorded history further reflects that Young continued to have difficulty until July 31, 2001, when she experienced back and right leg pain while carrying charts at OLOL. Dr. Brous-sard diagnosed Young with lumbar disc diseáse. Young was next treated by Dr. E.C. Irby, Jr., who performed surgery on March 25, 2002.
pin preparation for this litigation, Young’was deposed on April 11, 2003. Therein, she testified that she first began having problems with her lower back on July 31, 2001, while lifting medical charts. She described excruciating pain in her back that extended into her right leg, and denied ever having that sensation prior to the July 31, 2001 accident. However, she did admit that she experienced problems with her lower back in 1991 and 1992, but denied any. other occurrences. During her deposition, Young verified more than once that the accident occurred on July 31, 2001.
At trial, Young testified that she injured her back during the course and scope of her employment with OLOL on July 1, 2001, but did not disclose this previously because she was confused. She acknowledged that she was questioned twice during her deposition about possible problems on July 1 and both times she testified that her injury occurred on July 31. She further testified that the history she provided to Dr. Broussard that she was experiencing low back pain, off and on, for the previous eight years was wrong, but she could not explain why she provided Dr. Broussard with this information in her patient information form.
Based on the evidence and testimony, the workers’ compensation judge concluded that Young “made deliberate misrepresentations for the purpose of obtaining workers’ compensation benefits” by testifying at trial that she was injured on July 1, 2001, in contradiction to her deposition testimony and the medical evidence of record. Specifically, in her written reasons for judgment, the judge noted that Young Insisted during her deposition that there was no accident on July 1, 2001 and that there were no medical records of an accident on that day. Yet, she testified at trial that there was a July 1, 2001 accident.
It is well-settled that a court of appeal may not set aside a trier of fact’s findings in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Dept. Trans. & Dev., 617 So.2d 880, 882 (La.1993); Lizana v. Gulf Coast Pain Institute, 03-1672, p. 4 (La.App. 1 Cir. 5/14/04), 879 So.2d 763, 765. Therefore, if there is a reasonable evidentiary basis for the factual findings |fiof the workers’ compensation judge, his factual determinations will not be disturbed on appeal. Bazar v. Hull, 95-1427, p. 2 (La.App. 1 Cir. 2/23/96), 669 So.2d 603, 604. Clearly, the record herein supports the factual determination of the workers’ compensation judge that the claimant attempted at trial *431 to relate her pre-July 31 complaints of low back pain to a compensable claim by testifying at trial that she suffered an accident on July 1. The claimant’s trial testimony concerning an alleged July 1 accident contradicted her prior deposition testimony, various medical records, and her initial incident report. These assertions at trial were clearly an attempt to explain away evidence of pain that occurred prior to July 31 in an effort to defeat her employer’s contention in its disputed claim for compensation that Young’s condition resulted from degenerative disc disease rather than a compensable accident. Therefore, we find no manifest error in the factual determination of the workers’ compensation judge that Young’s trial testimony constituted a deliberate effort to obtain benefits through fraud.
The workers’ compensation judge further ordered Young to pay OLOL restitution in the sum of $1,529.50, for two workers’ compensation payments Young received shortly after her accident on July 31, and prior to the misrepresentations that resulted in the forfeiture of her benefits pursuant to LSA-R.S. 23:1208. In Leonard v. James Industrial Constructors, 03-0040, p. 9 (La.App. 1 Cir. 5/14/04), 879 So.2d 724, 730, this court held that the forfeiture of benefits under this provision is prospective only, from the time the misrepresentation occurs, rather than from the date of the accident. Thus, the workers’ compensation judge erred in ordering Young to pay restitution for benefits she received prior to the time she made the misrepresentations at issue. Young did not raise this issue on appeal. However, in the interest of justice, we will exercise the authority granted by LSA-C.C.P. art. 2164[1] and address this issue. Accordingly, we reverse the part of the judgment of the workers’ | ficompensation judge that orders Young to pay restitution for the two payments received by Young prior to the misrepresentation.
For the foregoing reasons, we reverse that portion of the judgment of the Office of Workers’ Compensation that orders restitution. In all other respects, we affirm. Costs are assessed against OLOL.
AFFIRMED IN PART AND REVERSED IN PART.

. LSA-C.C.P. art. 2164 provides that an appellate court "shall render any judgment which is just, legal, and proper upon the record on appeal.”