923 So.2d 17 (2005)
Jon M. WOOD
v.
BRIAN HARRIS AUTOPLEX.
No. 2004 CA 1316.
Court of Appeal of Louisiana, First Circuit.
August 3, 2005.
*19 Ben E. Clayton, Slidell, Counsel for Plaintiff/Appellant Jon M. Wood.
Stephen W. Brooks, Jr., Shannon K. Lowry, Richard J. Voelker, Covington, Counsel for Defendant/Appellee Brian Harris Autoplex.
Before: PARRO, KUHN, and WELCH, JJ.
KUHN, J.
Claimant-appellant, Jon M. Wood, appeals the dismissal of his claim for benefits by the Office of Workers' Compensation (OWC), which also ordered forfeiture of his right to compensation benefits and payment of restitution to his former employer, defendant-appellee, Brian Harris Autoplex. We amend and, as amended, affirm in part and reverse in part.

I. FACTUAL AND PROCEDURAL BACKGROUND
On July 23, 2002, while performing mechanical work as a service technician in an indoor service shop for Brian Harris Autoplex, Wood slipped in transmission fluid on the concrete floor and fell, which allegedly caused him to suffer mid and lower back pain and bleeding from his rectum. Wood worked seven work days after the fall through August 5, 2002. On August 16, 2002, Wood sought medical attention from Dr. Anthony F. Albright, who determined he had two hemorrhoids. On August 22, 2002, Dr. Michael T. Karam performed a hemorrhoidectomy, which resolved Wood's rectal bleeding. All the medical treatments related to Wood's hemorrhoids were approved and expenses were paid by the employer.[1] Wood was also paid indemnity benefits for the duration of the medical treatments he received for the hemorrhoids.
On September 23, 2002, Wood sought medical treatment from Dr. Robert U. Weiss, Jr., for complaints of pain in his low back, left buttock cheek, and left leg. Dr. Weiss prescribed six sessions of physical therapy, which Wood's employer approved and paid. On October 9, 2002, when Dr. Weiss requested approval to perform an MRI of Wood's spine, the employer denied coverage. On October 16, 2002, Brian Harris Autoplex discontinued payment of indemnity benefits.
Claimant filed a disputed claim form on October 30, 2002, requesting compensation benefits for injuries sustained on July 23, 2002, including severe pain in his mid back, lower back down into his left leg, and for bleeding from his rectum. Brian Harris Autoplex filed an answer, denying Wood's allegations and averring that the employee had already received all the benefits to which he was entitled. The employer also generally asserted as a defense to the employee's claims that Wood had made *20 willful misrepresentations. In May 2003, Brian Harris Autoplex amended its answer to reassert its willful misrepresentation defense and also filed a reconventional demand, urging that Wood had willfully made false representations about his prior medical history. The pleading requested that OWC order forfeiture of Wood's right to workers' compensation benefits and that the employee pay restitution for compensation benefits Brian Harris Autoplex had already paid. The employer also filed two motions for summary judgment, claiming entitlement to dismissal of Wood's claims based on the false medical history representations. OWC denied both motions.
On March 8, 2004, the matter proceeded to trial on Wood's claim for benefits and on Brian Harris Autoplex's reconventional demand. Ruling orally at the close of evidence, OWC dismissed Wood's claim and granted relief to Brian Harris Autoplex, ordering forfeiture of the employee's right to compensation benefits as a result of his willful misrepresentation of his prior medical history. Claimant was also ordered to pay Brian Harris Autoplex restitution totaling $11,130.72, consisting of $4,338.00 for the indemnity benefits and $6,792.72 for the medical benefits the employer had previously paid. Wood was also ordered to pay $500 for Brian Harris Autoplex's attorney fees.
On March 30, 2004, OWC signed a judgment in conformity with its oral ruling on the merits of the parties' claims. But before the judgment was signed, on March 15, 2004, Wood filed a declinatory exception, raising the objection of subject matter jurisdiction over Brian Harris Autoplex's reconventional demand. Before OWC's disposition of the subject matter jurisdiction exception, Wood filed a motion for new trial, which was immediately denied by OWC. On April 23, 2004, OWC rendered a judgment, denying Wood's declinatory exception challenging the tribunal's subject matter jurisdiction.
This appeal by Wood followed. Wood contends OWC incorrectly concluded it has subject matter jurisdiction over Brian Harris Autoplex's reconventional demand. He also asserts OWC erred in its determination that he willfully made false representations about his prior medical history.[2]

II. STATUTORY PROHIBITION OF MISREPRESENTATION
Essential to our review of this appeal are the following pertinent provisions of La. R.S. 23:1208:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * *
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than *21 five years, or fined not more than five thousand dollars, or both.
(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
(4) Notwithstanding any provision of law to the contrary which defines "benefits claimed or payments obtained", for purposes of Subsection C of this Section, the definition of "benefits claimed or payments obtained" shall include the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
Section 1208 was intended to prevent and discourage fraud in relation to workers' compensation claims. Resweber v. Haroil Constr. Co., 94-2708 (La.9/5/95), 660 So.2d 7, 12. Louisiana Revised Statute 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers' compensation benefits and generally is applicable once an accident has allegedly occurred and a claim is being made. Resweber, 660 So.2d at 14.

A. Subject Matter Jurisdiction
Wood asserts that OWC erred in concluding that it had subject matter jurisdiction to hear Brian Harris Autoplex's reconventional demand. He contends the provisions of La. R.S. 23:1208 implicate criminal law and tort law and its ramifications, which are properly considered in courts having subject matter jurisdiction over criminal and tort matters.
Invoking the provisions of Sections 2 and 17 of Article I of the Louisiana Constitution, as well as Section 16(A)(2) of Article V, Wood levies a constitutional challenge to the jurisdiction of the OWC tribunal to hear claims asserting violations of La. R.S. 23:1208.[3] Under Article *22 I, Section 17,[4] Wood maintains that his alleged violation of La. R.S. 23:1208, which subjects him to a term of imprisonment ranging between six months without hard labor to ten years at hard labor under Subsection C, is a "case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months" and, therefore, "shall be tried before a jury of six persons, all of whom must concur to render a verdict." Since there is no jury trial in an OWC tribunal, Wood reasons, under La. Const. Art. I, § 2,[5] claimants who have been accused of violating La. R.S. 23:1208 have been denied their due process right to a jury trial. And citing La. Const. Art. V, § 16(A)(1) & (2),[6] which vests original jurisdiction over criminal matters in the district court, Wood contends the OWC tribunal lacks subject matter jurisdiction to hear the alleged La. R.S. 23:1208 violation.
In a separate constitutional challenge, Wood maintains a denial of equal protection of the law. Relying on La. Const. Art. I, Section 3,[7] he contends that because La. R.S. 23:1208 fails to provide an equivalent penalty for employers, insurers, attorneys, and any other person determined to have violated Subsection A, the statute treats similarly-situated persons differently without a rational basis.
OWC lacks subject matter jurisdiction to determine constitutional issues. Albe v. Louisiana Workers' Compensation Corp., 97-0581, p. 10 (La.10/21/97), 700 So.2d 824, 829. Any party challenging the constitutionality of any provision arising under the Workers' Compensation Act shall specially plead such an allegation in the original petition, an exception, written motion, or answer, which shall state with particularity the grounds for such an allegation. La. R.S. 23:1310.3 F(1). Within thirty days of the filing of any pleading raising the issue of unconstitutionality, the party making such an allegation must file a petition in a state district court of proper jurisdiction for purposes of adjudicating the claim of unconstitutionality. The filing shall be given priority hearing in the district court. See La. R.S. 23:1310.3 F(2). Failure to follow these procedures shall bar any claim as to the unconstitutionality of any provision of this Chapter on appeal. La. R.S. 23:1310.3 F(3).
Admitting that at the time he filed his brief with this court, he had not yet filed a petition in district court raising his constitutional challenge to La. R.S. 23:1208, Wood asks that this court remand *23 this case and stay the OWC proceeding, citing Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971). Unlike the case presently under scrutiny, Summerell was a mandamus proceeding filed in district court where an allegedly unconstitutional ordinance had been enacted after suit had been filed. The statute Wood challenges was in effect on the day he filed this lawsuit and subjected his claim to the specific procedure set out in La. R.S. 23:1310.3 F. Under the plain language of La. R.S. 23:1310.3 F(2), Wood had thirty days from March 15, 2004, to file his suit in district court. Having failed to file his constitutional claim in district court within thirty days of his March 15, 2004 pleading raising the subject matter jurisdiction exception, the claim is untimely on its face. Because the record fails to demonstrate Wood's timely conformity with the requirements of La. R.S. 23:1310.3 F, and noting that Wood has offered no explanation for his failure to comply with the specified procedure, we conclude that he is not entitled to a remand. And pursuant to La. R.S. 23:1310.3 F(3), his claim is barred on appeal.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.
The portion of La. R.S. 23:1310 E relevant to our discussion provides:
Except as otherwise provided ... [OWC] shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.
See also La. Const. Art. V, § 16(A)(1).
Statutes are presumed to be constitutional. Moore v. RLCC Technologies, Inc., 95-2621, p. 7 (La.2/28/96), 668 So.2d 1135, 1140. Since the constitutionality of La. R.S. 23:1208 has not been properly raised by Wood and given the presumption of constitutionality afforded legislative enactments, we find that Brian Harris Autoplex's reconventional demand is a claim or dispute arising out of the workers' compensation law. Therefore, under the existing statutory scheme, the OWC has exclusive subject matter jurisdiction to hear such claims or disputes. See Clarendon Nat'l Ins. Co. v. Weston, 97-1089, pp. 4-5 (La.App. 1st Cir.5/15/98), 712 So.2d 628, 630; Lanthier v. Family Dollar Store, 02-0429, p. 5 (La.App. 3d Cir.1/8/03), 848 So.2d 605, 608; Derouen v. C & D Production Specialist, 98-57, pp. 3-4 (La.App. 3d Cir.6/3/98), 718 So.2d 460, 462; Johnson v. Basic Indus., Inc., 97-1136, pp. 8-9 (La. App. 3d Cir.4/15/98), 711 So.2d 843, 847, writ denied, 98-1358 (La.6/26/98), 719 So.2d 1292; Menard v. Mama's Fried Chicken, 97-488, p. 4 (La.App. 3d Cir.3/6/98), 709 So.2d 303, 305, writ denied, 98-0956 (La.6/5/98), 720 So.2d 681; Coleman v. Sheraton Pierremont, 25,452, pp. 4-6 (La.App. 2d Cir.1/19/94), 631 So.2d 50, 53; see also Farm Fresh Food Supplier, Inc. v. Davis, XXXX-XXXX (La.App. 1st Cir.5/6/05), 915 So.2d 887, (wherein another panel of this court, addressing the merits of a constitutional challenge, affirmed *24 the district court's rejection of the claim that La. R.S. 23:1208 unconstitutionally authorized OWC to exercise criminal jurisdiction in workers' compensation proceedings). Accordingly, OWC properly denied Wood's declinatory exception raising the objection of lack of subject matter jurisdiction.

B. Forfeiture
Wood contends that because he was consistent and credible in his testimony about his hemorrhoid problems, OWC erred in finding he had violated La. R.S. 23:1208.
Louisiana Revised Statute 23:1208 applies in all circumstances where (1) there is a false statement or representation, (2) the statement or representation was willfully made, and (3) the statement or representation was made for the purpose of obtaining or defeating any benefit or payment. Young v. Our Lady of Lake Reg'l Med. Ctr., 2003-2653, p. 3 (La. App. 1st Cir.12/30/04), 898 So.2d 428, 429.
It is well-settled that a court of appeal may not set aside a trier of fact's findings in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Dep't Transp. & Dev., 617 So.2d 880, 882 (La.1993). If there is a reasonable evidentiary basis for the factual findings of OWC, its factual determinations will not be disturbed on appeal. Bazar v. Hull, 95-1427, p. 2 (La.App. 1st Cir.2/23/96), 669 So.2d 603, 604. The issue of whether an employee forfeited his workers' compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. Davis v. AMS Tube Corp., 2002-2427, p. 6 (La.App. 1st Cir.12/31/03), 868 So.2d 141, 146, writ denied, XXXX-XXXX (La.3/26/04), 871 So.2d 354.
Wood fell at work on July 23, 2002, and although he immediately sought treatment for his rectal bleeding, he did not seek treatment for lower back, buttock, and left leg pain until two months later on September 23, 2002, when he was seen by Dr. Weiss. Wood testified that although he felt the pain in his lower back, buttock, and left leg immediately after he fell on July 23, 2002, the symptoms became more noticeable after the hemorrhoidectomy was performed. He stated that once he discontinued taking the pain medication and muscle relaxers prescribed in conjunction with the pain and surgery for the hemorrhoids, it became more evident that the lower back, buttock, and left leg pain was not part of his hemorrhoid problem. He was advised by Brian Harris Autoplex's workers' compensation representative to consult Dr. Weiss, his family physician.
After Brian Harris Autoplex denied coverage in October 2002 for an MRI requested by Dr. Weiss, Wood was deposed. At a deposition on April 3, 2003, Wood testified that prior to July 23, 2002, he had never had a problem with or received treatment for hemorrhoids.
But at the trial on the merits, Brian Harris Autoplex submitted medical records showing that beginning in June 1990, Wood had received medical attention for hemorrhoids. A report from Northshore Regional Medical Center in June 1990 indicates that Wood was diagnosed with a hemorrhoid. The report also states that Wood had previously had a hemorrhoid. Additionally, medical records from Charity Hospital, beginning in July 1990, note that Wood presented with complaints of hemorrhoids; had a one-year history of hemorrhoids; specifically found from a physical examination that he had an internal hemorrhoid; and assessed his condition as hemorrhoids.
At trial, Wood denied that he had ever been told that he had a hemorrhoid prior to the treatment he received from Dr. *25 Albright in connection with the July 23, 2002 fall. Wood testified that when he was passing blood and concerned he might have cancer, he sought treatment in New Orleans once. He said that he was medically checked, but nothing was found, and he was told to take a stool softener and to put more fiber in his diet. Wood stated that he was advised that compacted stool was the probable cause of his rectal bleeding.
Although at the April 3, 2003 deposition, Wood denied he had a hemorrhoid before July 23, 2002, the medical records from Northshore Regional Medical Center and Charity Hospital admitted into evidence at the trial on the merits provide a reasonable factual basis to support the OWC finding that Wood's statement was false and that the misrepresentation was willful. This credibility determination of OWC cannot be overturned by this court.
Wood contends that he had no reason to lie or to conceal a history of hemorrhoids. Thus, he urges, OWC's finding concerning his statement about never having had a hemorrhoid is manifestly erroneous because it cannot be shown that he made the statement for the purpose of obtaining benefits. However, we find support for OWC's conclusion that Wood misrepresented his hemorrhoid history for the purpose of obtaining benefits. As a result of the surgery, Wood's hemorrhoid condition was apparently resolved. But Wood sought additional benefits for lower back, buttock, and left leg pain and filed this claim for benefits. His claim for additional benefits associated with his lower back, buttock, and left leg pain exposed Wood to the risk that if he revealed the history of hemorrhoids, Brian Harris Autoplex would deny his entitlement to medical and indemnity benefits for that claim and seek a refund of what had already been paid. Accordingly, a reasonable factual basis exists to support OWC's finding that Wood's misrepresentation of his hemorrhoid history was for the purpose of obtaining benefits. We find no manifest error in OWC's order of forfeiture of Wood's benefits.

C. Restitution[8]
In Leonard v. James Indus. Constructors, XXXX-XXXX, p. 9 (La.App. 1st Cir.5/14/04), 879 So.2d 724, 730 (en banc), writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1139, this court held that the forfeiture of benefits under La. R.S. 23:1208 is prospective only, from the time the misrepresentation occurs, rather than from the date of the accident.

1. Indemnity and Medical Benefits
A portion of the restitution OWC ordered Wood to pay was $4,338.00 for indemnity benefits he received from August 8, 2002, through October 16, 2002, all of which preceded Wood's misrepresentation at the April 3, 2003 deposition, and $6,792.72 for medical benefits. The only medical benefits paid by Brian Harris Autoplex after Wood's April 3, 2003 misrepresentation were a payment of $42.50 on April 28, 2003, to Dr. Weiss, who treated Wood in conjunction with his lower back, buttock, and left leg pain, and a payment of $1.88 on April 29, 2003, to Medical Corp. USA, which total $44.38. Thus, we find OWC erred in ordering Wood to pay restitution for any indemnity benefits, since all were received prior to the misrepresentation and in ordering payment of medical benefits in excess of $44.38.

*26 2. Attorney Fees
OWC also ordered payment of $500 in attorney fees and, in its oral ruling, included this item of recovery as restitution. But the signed judgment does not reference restitution, simply stating that Wood is cast with attorney fees of $500.
As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. Langley v. Petro Star Corp. of La., XXXX-XXXX, p. 3 (La.6/29/01), 792 So.2d 721, 723. Awards of attorney fees in workers' compensation cases are essentially penal in nature and are intended to deter indifference and undesirable conduct. Id., XXXX-XXXX at pp. 3-4, 792 So.2d at 723. Although the benefits in the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. Id., XXXX-XXXX at p. 4, 792 So.2d at 723.
According to La. R.S. 23:1208 D, restitution may be awarded for "benefits claimed or payments obtained through fraud." While Subsection D contains no definition of "benefits claimed or payments obtained," Subsection C, which deals with criminal penalties, defines "benefits claimed or payments obtained" to include "the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation." Hull v. Fluker Farms, XXXX-XXXX, p. 6 (La.App. 1st Cir.5/11/01), 787 So.2d 535, 543, writ denied, 2001-2291 (La.11/16/01), 802 So.2d 612. Thus, pursuant to La. R.S. 23:1208 D, investigation and litigation expenses may be awarded as restitution. Hull, XXXX-XXXX at p. 13, 787 So.2d at 543 (relying on Yarnell Ice Cream Co. v. Allen, 33,020, pp. 7-8 (La.App. 2d Cir.5/10/00), 759 So.2d 1066, 1072, writ granted, XXXX-XXXX (La.9/15/00), 767 So.2d 699, writ recalled, XXXX-XXXX (La.1/17/01), 777 So.2d 472); Dukes v. Sherwood Acres Apartments, 2001-2325, pp. 7-9 (La.App. 1st Cir.11/8/02), 835 So.2d 742, 747-48, and appeal after remand, XXXX-XXXX, pp. 2-3 (La.App. 1st Cir.12/30/04), 898 So.2d 416, 417-18.
Although the "benefits claimed or payments obtained" in La. R.S. 23:1208 C(4) includes within its definition "the reasonable costs of investigation and litigation," it does not expressly list attorney fees as an item included within that definition. Cf. La. C.C. art. 2545 (expressly allowing reasonable attorney fees in addition to reimbursement of reasonable expenses occasioned by a sale and incurred for the preservation of a thing as well as damages to the buyer who purchases from a seller in bad faith); Smith v. Shirley, XXXX-XXXX, pp. 10-11 (La.App. 3d Cir.2/6/02), 815 So.2d 980, 987, writ denied, XXXX-XXXX (La.5/24/02), 816 So.2d 308 (holding that La. C.C. art. 1997, which provides that a bad faith obligor is liable for "all damages" that are a direct consequence of his failure to perform, does not encompass an award of attorney fees since there was no statutory or contractual provision providing for them).
We have found only one case affirming an OWC's award of attorney fees as restitution of reasonable litigation expenses. In Taylor v. Tommie's Gaming, 38,568, p. 16 (La.App. 2d Cir.6/25/04), 878 So.2d 853, 862-63, the Second Circuit Court of Appeal found no abuse of discretion in OWC's involuntary dismissal of the claim and the award of restitution, which included court costs and expenses (including investigative expenses), attorney fees, and medical bills from the date the employer became aware of the fraudulent conduct. The Louisiana Supreme Court granted a writ, 2004-2254 (La.12/17/04), 888 So.2d 850, and reversed, *27 2004-2254, p. 1 (La.5/24/05), 902 So.2d 380, 381, concluding that the involuntary dismissal was improper. In its reversal, the supreme court pretermitted a discussion on the propriety of the second circuit's affirmance of OWC's award of restitution for litigation expenses and attorney fees.
Judge Carraway dissented from the majority's opinion in Taylor on the issue of the scope of restitution the employer was entitled to recover under La. R.S. 23:1208 D. Although Judge Carraway disagreed with the application of the special definition in Subsection C to the scope of restitution which may be awarded pursuant to Subsection D, he noted that the special definition "does not list attorney fees which is a term distinguishable from `litigation costs' or `investigative costs."' Judge Carraway also pointed out that Subsection D clearly imposes a civil penalty upon the fraudulent employee, ranging between $500 and $5,000, which accomplishes the objective of both deterring the employee and awarding the employer. See Taylor, 38,568 at p. 2, 878 So.2d at 864. Thus, awarding attorney fees, ostensibly as litigation expenses, creates a potential penalizing effect over and above the maximum $5,000 civil penalty expressly provided for by the legislature in Subsection D.
We are aware that attorney fees are penal in naturewhich we are required to construe strictlyand that this court has approved restitution of litigation expenses under La. R.S. 23:1208 without specifically stating that such restitution included attorney fees. Because nothing in the statute expressly permits the imposition of attorney fees, we decline to hold that La. R.S. 23:1208 provides a statutory basis for the imposition of attorney fees as "reasonable costs of litigation" contained in Subsection C(4). Accordingly, the award of attorney fees of $500 is reversed.

III. DECREE
For these reasons, OWC's denial of Wood's declinatory exception raising the objection of subject matter jurisdiction, its dismissal of Wood's claim for benefits, and its order of Wood's forfeiture of workers' compensation benefits are affirmed. That portion of the judgment, awarding Brian Harris Autoplex restitution is amended to reduce the award to $44.38 for medical benefits previously paid, and that portion of the judgment, awarding Brian Harris Autoplex $500 in attorney fees is reversed. Appeal costs are assessed equally against claimant-appellant, Jon M. Wood, and defendant-appellee, Brian Harris Autoplex.
AMENDED AND, AS AMENDED, AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] Wood's workers' compensation claim was serviced by Risk Management Services on behalf of Brian Harris Autoplex.
[2] Although Wood formally assigned as error the trial court's failure to hold a hearing on his motion for new trial, having failed to brief it on appeal, we consider this assignment of error abandoned. See La. URCA Rule 2-12.4.
[3] Brian Harris Autoplex's reconventional demand averred that Wood had violated La. R.S. 23:1208.1, and Wood's pleading raising the objection of lack of subject matter jurisdiction refers to the provisions of La. R.S. 23:1208.1 as well. But the judgment dispensing of the merits of the parties' claims states only that Wood violated the provisions of La. R.S. 23:1208. Silence in a judgment of any demand duly before the court is deemed a rejection of that claim, see Barham & Arceneaux v. Kozak, 2002-2325, p. 16 (La.App. 1st Cir.3/12/04), 874 So.2d 228, 241, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87, and the parties have not appealed OWC's implicit rejection of a violation of La. R.S. 23:1208.1. Thus, the rejection of Brian Harris Autoplex's La. R.S. 23:1208.1 claim is final. See La. C.C.P. arts. 1841, 2082, and 2133. Because the La. R.S. 23:1208.1 claim is no longer viable, we do not address Wood's challenge of the OWC's subject matter jurisdiction over this claim.
[4] Louisiana Constitution Article I, Section 17 provides, in relevant part, "A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict."
[5] Louisiana Constitution Article I, Section 2 states, "No person shall be deprived of life, liberty, or property, except by due process of law."
[6] Louisiana Constitution Article V, Section 16(A) states in part, "(1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases...."
[7] Louisiana Constitution Article I, Section 3 states in part, "No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations."
[8] Although on appeal Wood did not specifically raise the scope of restitution as an issue, in the interest of justice, we exercise our authority under La. C.C.P. art. 2164 to render a judgment that is just, legal, and proper upon the record on appeal. See Young, 2003-2653 at pp. 5-6, 898 So.2d at 431.